■ In the Matter of EDWARD ALLMAN, Petitioner, v RICHARD KOEHLER, as Correction Commissioner of the City of New York, et al., Respondents.—This CPLR article 78 proceeding was transferred to this court by order, Supreme Court, New York County (Eugene L. Nardelli, J.), entered December 28, 1988. Determination, dated August 4, 1988, of respondent Correction Commissioner of the City of New York, which dismissed petitioner from the Department of Correction for misconduct, is unanimously modified, on the law and on the facts, petition is granted to the extent of annulling the penalty, and remanding same to the respondent for reconsideration, and except as so modified, otherwise confirmed, without costs.

After a two-day disciplinary trial, which was held in April 1988, and at which New York City Correction Officer Edward Allman (Officer Allman) testified in his own defense, an Administrative Law Judge (ALJ) found him guilty. Specifically, the ALJ stated "I find that * * * On January 29, 1987, Edward Allman used excessive and unnecessary force against [an] inmate * * * and violated Directive 5002, governing use of force, by failing to notify a superior officer before initiating the lock in of an uncooperative inmate". Based upon that finding, the ALJ recommended to the Correction Commissioner (Commissioner) that although Officer Allman had no prior disciplinary record, he be dismissed from the Department of Correction (Department).

Thereafter, in a determination dated August 4, 1988, the Commissioner approved the ALJ's recommendations and dismissed Officer Allman.

Subsequently, on or about September 30, 1988, Officer Allman (petitioner) instituted a proceeding, pursuant to CPLR article 78, challenging the Commissioner's (respondent) determination of August 4, 1988, *supra*. After service of the answer, since an issue was raised as to whether the determination was supported by substantial evidence, upon the basis of CPLR 7804 (g), an order of the Supreme Court transferred the matter to this court for review *(Collana v Perales,* 123 AD2d 493 [1986]).

Based upon our review of the trial transcript, we find that substantial evidence supports the finding of guilty concerning the amended charge of excessive force, which arose as a result of petitioner going to the aid of a fellow officer, who was struggling with an inmate.

Although the charge herein is serious, we find that, in view

of petitioner's prior unblemished record in the Department, the punishment of dismissal is "disproportionate to the offense as to be shocking to one's conscience" *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 239 [1974]). Further, we find it significant, in connection with the issue of appropriate punishment, that the Department, in light of the circumstances in the instant case, recommended to the ALJ the imposition of a 60-day suspension, without pay, as adequate punishment. The gross disparity between the Department's original recommendation of a 60-day suspension and the imposed penalty of dismissal is shocking to our conscience *(Matter of Pell v Board of Educ., supra).*

Accordingly, we grant the petition to the extent of annulling the penalty portion of the determination, and remand same to the Commissioner for reconsideration. Concur—Murphy, P. J., Ross, Rosenberger, Kassal and Wallach, JJ.