■ In the Matter of HARRY COCOZZO, Petitioner, v BENJAMIN WARD, as Police Commissioner of the City of New York, et al., Respondents.—Determination of the respondent Police Commissioner of the City of New York, dated May 8, 1988, which dismissed petitioner from his position as police officer, is unanimously confirmed, the petition is denied, and the proceeding, brought pursuant to CPLR article 78 (transferred to this court by order of Sup Ct, NY County [Carol Huff, J.], entered on or about Sept. 11, 1989), is dismissed, without costs.

Upon examination of the record, we conclude that the Commissioner's determination that, while off-duty on February 7, 1985, petitioner did wrongfully carry a .45 caliber automatic firearm and did wrongfully threaten John Lorenzo therewith, was supported by substantial evidence. *(See, 300*

*Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176.)

The testimony of complainant John Lorenzo, which was fully credited by the Administrative Law Judge (ALJ), provided sufficient evidence to sustain the determination. Moreover, the ALJ expressly found petitioner's testimony to be inconsistent and improbable and, therefore, not credible. As the duty of weighing the evidence and choosing between conflicting evidence rests solely with the administrative agency *(see, Matter of Collins v Codd,* 38 NY2d 269, 270-271), we find no reason to disturb the ALJ's substantive findings which are rationally based in the record. *(See, Matter of Pell v Board of Educ.,* 34 NY2d 222, 230-231.)

Petitioner's failure to raise, in his initial petition, the issue of lack of notice of the utilization of his employment record in determining sanctions, constitutes a waiver of the claim. *(See, Matter of David v Christian,* 134 AD2d 349, 350.) In any event, the claim is without merit. In accordance with proper procedure, respondents sent petitioner a copy of the report and recommendation, together with a cover letter advising petitioner of the opportunity to submit written comments, several weeks prior to the Commissioner's determination. Thus, petitioner was accorded a full and fair opportunity to address his service record prior to the imposition of the penalty. *(See, Matter of Bigelow v Board of Trustees,* 63 NY2d 470, 473-474.)

Petitioner's suggestion that the penalty was assessed on the basis of his leave record alone is belied by the record. In assessing a penalty, the ALJ expressly considered the "criminal" and "life threatening" nature of petitioner's misconduct, as well as his disciplinary and leave records.

Finally, in light of the nature of the instant charges, as well as petitioner's unsatisfactory employment record, we conclude that the penalty imposed is not so disproportionate to the offenses as to be shocking to one's sense of fairness. *(See, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233, *supra.)* Concur—Ross, J. P., Milonas, Rosenberger, Kassal and Rubin, JJ.