■ In the Matter of Thomas J. Lewandowski, Petitioner, v Port Authority of New York and New Jersey et al., Respondents. [646 NYS2d 2] —Determination of respondent Port Authority of New York and New Jersey dated on or about December 23, 1994, terminating petitioner's employment with respondent, unanimously modified, on the facts, without costs, to the extent that the penalty assessed against the petitioner is vacated, the determination is otherwise confirmed, the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Kristin Booth Glen, J.], entered May 5, 1995), is otherwise dismissed, and the matter is remanded to the respondent Port Authority of New York and New Jersey for the imposition of a lesser penalty.

Affording the Hearing Officer's credibility determinations and resolution of conflicting testimony the appropriate deference, we find that the record contains substantial evidence to support respondent's determination that petitioner violated respondent's rules by using his position with it to gain an economic benefit in the purchase of a used car. We discern no reason on this record to disturb the respondent's determination on this point.

However, we agree with petitioner that the penalty assessed against him, dismissal, is excessive when compared to the penalty imposed upon other managerial level employees of respondent for similar or more serious violations of the respondent's rules and guidelines. In our view, petitioner's termination was " 'so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness' " (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 233). Petitioner is an eighteen year employee of the respondent who earned two commendations, had a perfect attendance record for ten years and has never before been subjected to any disciplinary action. We note too that petitioner undertook to discuss the proposed car purchase with another high level employee of the respondent, who, as it turned out, incorrectly assured him that there was no conflict of interest problem raised by the petitioner's prospective conduct. Clearly, petitioner exercised inexcusably poor ethical judgment in this matter, but given that this appears to have been an isolated incident, and one which did not cause harm to the public weal or grave injury to the respondent agency, we find, under all the other circumstances, that the penalty of termination was excessive. We therefore remand the matter to the respondent Port Authority of New York and New Jersey for the imposition of a lesser penalty.

The remainder of petitioner's contentions are either improperly raised for the first time in this proceeding or without merit. Concur—Sullivan, J. P., Rosenberger, Ellerin and Mazzarelli, JJ.