■ In the Matter of ROBERT VARGAS, Petitioner, v HOWARD SAFIR, as Police Commissioner of the City of New York, et al., Respondents. [717 NYS2d 562] —Determination of respondent Police Commissioner effective February 24, 1999, which dismissed petitioner from his position as a police officer, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Paula Omansky, J.], entered on or about October 15, 1999), dismissed, without costs.

Respondent's determination that petitioner used excessive force in making an arrest is supported by substantial evidence, including, in particular, the testimony of the complainant and an eyewitness (see, Matter of Cocozzo v Ward, 162 AD2d 202). No basis exists to disturb respondent's findings of credibility (see, id.). The penalty of dismissal does not shock our conscience in view of the evidence that the complainant had been repeatedly kicked and punched while restrained and lying on the ground, sustaining severe injury to his left eye that required surgery and may leave him permanently visually impaired. Nor is there merit to petitioner's claim that he was denied due process because of the Hearing Officer's use of an abstract of his personnel record in deciding what penalty to recommend. Petitioner, who furnished respondent with a written submission detailing the positive aspects of his record, clearly had notice that respondent would be considering the materials referred to in the Hearing Officer's report, and, indeed, in neither his submission to respondent nor in his article 78 petition did petitioner claim that such materials were not supplied to him well in advance of respondent's determination (see, id., at 203, citing Matter of Bigelow v Board of Trustees, 63 NY2d 470, 473-474). Moreover, the Hearing Officer's report indicated that dismissal was being recommended not because of anything in petitioner's personnel records, which were generally favorable, but because of the "brutal and unprovoked nature" of petitioner's attack on the complainant. Concur—Tom, J. P., Ellerin, Wallach, Rubin and Saxe, JJ.