In the Matter of VERA SHADE, Petitioner, v KEVIN MAHON et al., Respondents. [829 NYS2d 706]—

Proceeding pursuant to CPLR article 78 to review a determination of Kevin Mahon, as Commissioner of the Westchester

County Department of Social Services, dated December 29, 2005, which adopted the findings of fact and recommendation of a hearing officer dated December 11, 2005, made after a hearing, finding the petitioner guilty of misconduct and terminating her employment as an eligibility examiner.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

The petitioner was charged with misconduct by her employer, the Westchester County Department of Social Services, inter alia, for submitting false information on a recertification application for public assistance. Following a hearing, the petitioner's employment as an eligibility examiner was terminated.

The review of an administrative decision made after an employee disciplinary hearing is limited to a consideration of whether the determination was supported by substantial evidence (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]; Matter of Jones v Mahon, 11 AD3d 692 [2004]). Here, the determination of misconduct was supported by substantial evidence including, among other things, the petitioner's testimony that her niece, whom she listed as a member of her New York household and for whom she received public assistance, was living in Virginia.

The disciplinary penalty imposed was not so disproportionate to the misconduct as to be shocking to one's sense of fairness (see Matter of Featherstone v Franco, 95 NY2d 550 [2000]; cf. Matter of Goudy v Schaffer, 24 AD3d 764 [2005]).

The petitioner's remaining contentions are without merit. Miller, J.P., Spolzino, Florio and Angiolillo, JJ., concur.