■ In the Matter of GRACE GIBBONS, Petitioner, v NEW YORK STATE UNIFIED COURT SYSTEM, OFFICE OF COURT ADMINISTRATION, Respondent. [911 NYS2d 169]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Unified Court System, Office of Court Administration, dated February 4, 2009, which, upon the recommendation of a hearing officer dated December 23, 2008, made after a hearing, found the petitioner Grace Gibbons guilty of incompetence and misconduct, and terminated her employment.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

The petitioner, Grace Gibbons, had been a court reporter in the District Court, Nassau County, for 22 years. On May 3, 2007, the New York State Unified Court System, Office of Court Administration (hereinafter OCA), served her with notice of disciplinary charges. At the ensuing hearing, OCA presented evidence that she had been insubordinate to her supervisors and to a District Court Judge, that she failed to produce transcripts in a timely manner, and that she was excessively absent without providing sufficient notice, frequently leaving the District Court with the task of finding replacement court reporters for scheduled proceedings.

Hearing Officer Colleen M. Fondulis issued her report and recommendation on December 23, 2008. She recommended that Gibbons be terminated from her position. In a determination dated February 4, 2009, Jan H. Plumadore, Deputy Chief Administrative Judge for Courts Outside of New York City, found Gibbons guilty of the misconduct and incompetence alleged in many of the 20 specifications, and terminated Gibbons from her position. Gibbons commenced the instant CPLR article 78 proceeding to review the determination.

Appellate review of an administrative determination made after a hearing required by law is limited to whether that determination is supported by substantial evidence (*see Matter of Jennings v New York State Off. of Mental Health*, 90 NY2d 227, 239 [1997]; *Matter of Genovese Drug Stores, Inc. v Harper*, 49 AD3d 735 [2008]). Substantial evidence has been defined as "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]). Moreover, "[t]he courts may not weigh the evidence or reject the choice made by [an administrative agency] where the evidence is conflicting and room for choice exists" (*Matter of Berenhaus v Ward*, 70 NY2d 436, 444 [1987], quoting *Matter of Stork Rest. v Boland*, 282 NY 256, 267 [1940]). Here, we find that the determination was supported by substantial evidence.

A penalty must be upheld unless it is "so disproportionate to the offense as to be shocking to one's sense of fairness," thus constituting an abuse of discretion as a matter of law (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 237 [1974]). In view of the petitioner's repeated acts of insubordination, absences, and untimely completion of transcripts, we cannot conclude as a matter of law that the penalty of termination of employment shocks one's sense of fairness (*see Matter of Kreisler v New York City Tr. Auth.*, 2 NY3d 775, 776 [2004]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d at 237).

The petitioner's remaining contentions are without merit. Dillon, J.P., Angiolillo, Hall and Roman, JJ., concur.