*715 “The review of an administrative decision made after an employee disciplinary hearing is limited to a consideration of whether the determination was supported by substantial evidence” (Matter of Shade v Mahon, 37 AD3d 611, 612 [2007]; see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). “Since the petition raises the question of whether the challenged determination is supported by substantial evidence, the Supreme Court should have transferred the proceeding to this Court {see CPLR 7804 [g]). Nevertheless, because the record is now before this Court, we will treat the matter as one initially transferred here and will review the administrative determination de novo” (Matter of Bond v Howard Houses [NYCHA], 89 AD3d 730, 730 [2011] [internal quotation marks omitted]).
Substantial evidence “is related to the charge or controversy and involves a weighing of the quality and quantity of the proof,” and the term “means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact” (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]). Where there is conflicting evidence or different inferences may be drawn from the evidence, “the duty of weighing the evidence and making the choice rests solely upon the [administrative agency]. The courts may not weigh the evidence or reject the choice made by [such agency] where the evidence is conflicting and room for choice exists” (Matter of Berenhaus v Ward, 70 NY2d 436, 443-444 *716 [1987] [internal quotation marks omitted]; see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d at 180).
Following a disciplinary hearing, the petitioner, a street supervisor for the City of Poughkeepsie Department of Public Works, was found guilty of five charges of misconduct. Upon our review of the record, we conclude that substantial evidence in the record supports the determination of Ronald J. Knapp, as Acting City Administrator, that the petitioner was guilty of charges one, two, and three, arising out of the petitioner’s conduct on December 24, 2009, when, after the Department of Public Works’ holiday party and while he was still on duty, he drank one beer, in violation of the Alcohol and Drug Policy of the Civil Service Employees Association, and that he exceeded his 30-minute lunch break without so indicating on his time card. Moreover, there is no merit to the petitioner’s contention that he was deprived of his rights under Civil Service Law § 75 (2) by the appointment of Knapp to review the hearing officer’s recommendation and issue a final determination (see City of Poughkeepsie Administrative Code § 3.06 [b] [1]; City of Poughkeepsie Charter § 3.07; cf. Matter of Gomez v Stout, 13 NY3d 182, 187 [2009]). In light of the foregoing, we may not disturb Knapp’s determination that the petitioner was guilty of charges one, two, and three (see CPLR 7803 [4]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d at 231).
However, the determination that the petitioner was guilty of charge four, arising out of the alleged improper use of a City-owned vehicle on January 4, 2010, January 5, 2010, and January 6, 2010, was not supported by substantial evidence. Although the petitioner drove a City-owned vehicle outside of City limits on January 4, 2010, he did so to fill up the fuel tank of the vehicle with gasoline at a Mobil service station located in the Town of Poughkeepsie, specifically in the Home Depot plaza on U.S. Route 9 North. The Department of Public Works’ City-Owned Vehicles Policy, effective July 31, 2008, explicitly provides that City employees may drive City-owned vehicles to this location without permission. Additionally, although the petitioner drove a City-owned vehicle outside of City limits on January 5, 2010, he did so to purchase work boots in accordance with then-existing policy and work rules, which was a purpose for which he did not need permission. Further, there was no evidence in the record demonstrating that the petitioner drove a City-owned vehicle outside of City limits on January 6, 2010.
Similarly, the determination that the petitioner was guilty of charge five, arising out of an incident on January 13, 2010, in *717 which the petitioner allegedly sat in a City-owned vehicle in a parking lot for more than one hour without performing any work, was not supported by substantial evidence. There was no evidence in the record that the petitioner sat in the vehicle in the parking lot for any longer than seven minutes, or that it was improper for him to do so.
Accordingly, those portions of the determination that found the petitioner guilty of charges four and five must be annulled, and those charges dismissed. Since the City imposed a penalty of termination of the petitioner’s employment upon a finding that the petitioner was guilty of charges one, two, three, four, and five, and we are dismissing charges four and five, we vacate the penalty and remit the matter to the City to give it the opportunity to consider the appropriate penalty to be imposed upon the petitioner in connection with charges one, two, and three, and the imposition of that penalty thereafter (see generally Matter of McDougall v Scoppetta, 76 AD3d 338 [2010]). Dillon, J.P., Belen, Austin and Sgroi, JJ., concur.