In a proceeding pursuant to CPLR article 78 to review a determination of the Environmental Control Board of the City of New York dated October 28, 2010, finding, after a hearing, that the petitioner violated section 28-210.1 of the Administrative Code of the City of New York by converting and maintaining a dwelling for occupancy by more than the legally authorized number of families, and imposing a penalty in the toted sum of $27,400, the Environmental Control Board of the City of New York and the Buildings Department of the City of New York appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Lewis, J.), dated November 16, 2011, as granted the petition to the extent of reducing the penalty imposed for maintaining a dwelling for occupancy by more than the legally approved number of families, from the sum of $25,000 to the sum of $6,250.
Ordered that the appeal is dismissed, and the judgment is vacated; and it is further,
Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits; and it is further,
Ordered that one bill of costs is awarded to the appellants.
Since the petition raises the question of whether the challenged determination is supported by substantial evidence, the Supreme Court should have transferred the proceeding to this Court pursuant to CPLR 7804 (g). Nevertheless, because the record is now before this Court, we will treat the matter as one initially transferred here and will review the administrative determination de novo (see Matter of Peterson v City of Poughkeepsie, 99 AD3d 714, 715 [2012]; Matter of Bond v Howard Houses [NYCHA], 89 AD3d 730 [2011]; Matter of Aparicio v Environmental Control Bd. of City of N.Y., 83 AD3d 1054, 1055 [2011]).
*690 The determination of the Environmental Control Board of the City of New York, affirming the Administrative Law Judge’s finding that the petitioner had converted and maintained the subject residence for occupancy by more than the legally authorized number of families, was supported by substantial evidence (see Administrative Code of City of NY § 28-210.1; Matter of Aparicio v Environmental Control Bd. of City of N. Y., 83 AD3d at 1055). Moreover, we cannot conclude that the $25,000 penalty imposed for maintaining the illegal conversion (see Administrative Code of City of NY § 28-202.1) is “ ‘so disproportionate to the offense as to be shocking to one’s sense of fairness’ ” (Matter of Kelly v Safir, 96 NY2d 32, 38 [2001], quoting Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 237 [1974]). Dillon, J.E, Angiolillo, Leventhal and Sgroi, JJ., concur.