■ In the Matter of JOHN SULLIVAN, Respondent-Appellant, v COUNTY OF ROCKLAND et al., Appellants-Respondents. [993 NYS2d 355]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the Rockland County Department of Social Services, which adopted the recommendation of a hearing officer dated June 6, 2012, made after a hearing, finding the petitioner guilty of gross misconduct and terminating his employment, the County of Rockland, the County of Rockland Department of Social Services, and the Commissioner of the Rockland County Department of Social Services appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Kelly, J.), dated January 3, 2013, as found that the penalty of termination was excessive and remitted the matter to the Commissioner of the Rockland County Department of Social Services for the imposi-

tion of an appropriate punishment, and the petitioner cross-appeals from so much of the same order as found that the hearing officer's findings and conclusions were supported by substantial evidence and were appropriately adopted by the Commissioner of the Rockland County Department of Social Services.

Ordered that the appeal and the cross appeal are dismissed, and the order is vacated; and it is further,

Adjudged that the petition is granted to the extent that so much of the determination as found the petitioner guilty of specification number two is annulled, specification number two is dismissed, the penalty imposed is vacated, the determination is otherwise confirmed, and the matter is remitted to the respondents for a new consideration of the appropriate penalty to be imposed in accordance herewith, and the imposition of such a penalty thereafter; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

"The review of an administrative decision made after an employee disciplinary hearing is limited to a consideration of whether the determination was supported by substantial evidence" (*Matter of Shade v Mahon*, 37 AD3d 611, 612 [2007]; *see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]). When a petition raises a question of whether an administrative determination is supported by substantial evidence, the proceeding should be transferred from the Supreme Court to this Court to address that issue (*see* CPLR 7804 [g]). As a result, we will treat the matter as one which had been transferred here by the Supreme Court and review the administrative determination de novo (*see Matter of Peterson v City of Poughkeepsie*, 99 AD3d 714, 715 [2012]; *Matter of Bond v Howard Houses [NYCHA]*, 89 AD3d 730, 730 [2011]).

Substantial evidence "is related to the charge or controversy and involves a weighing of the quality and quantity of the proof"; the term "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]). "Where there is conflicting evidence or different inferences may be drawn from the evidence, 'the duty of weighing the evidence and making the choice rests solely upon the [administrative agency]. The courts may not weigh the evidence or reject the choice made by [such agency] where the evidence is conflicting and room for choice exists' " (*Matter of Peterson v City of Poughkeepsie*, 99 AD3d at 715, quoting *Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987]).

Here, the petitioner was a caseworker with the Adult Protective Services division (hereinafter APS) of the County of Rockland Department of Social Services (hereinafter the DSS) since 1990. As a caseworker, the petitioner was responsible for making home visits to clients at least once per month and acting as a representative payee for those clients who could not manage their income by receiving funds directly from Social Security on their behalf. The petitioner was also responsible for entering case notes into the APS computer system with respect to the activities, such as a home visits, that he performed with respect to each client's case.

The Commissioner of the DSS served the petitioner with a notice, dated December 9, 2011, charging him with gross misconduct in two specifications. Specification one alleged that the petitioner made a false entry into APS's records with respect to visiting a client, Barbara R., at her home on November 28, 2011, at a time when she was a patient in a rehabilitation facility. Specification two alleged that on November 10, 2011, the petitioner made a false entry into APS's business records when he recorded that he had conducted a home visit with a client, Othniel L., on October 26, 2011, and gave that client his $200 bi-weekly allowance, based on that client's statement made on October 30, 2011, that the petitioner had not visited him for a month.

After a hearing, the hearing officer found that the County had sustained its burden in submitting substantial evidence in support of both specifications. The hearing officer recommended that, as a result, the petitioner be terminated from his employment. On June 7, 2012, the Commissioner of the DSS issued a Notice of Determination adopting the hearing officer's findings of fact and recommendation and terminated the petitioner's employment, effective June 6, 2012.

The petitioner commenced this CPLR article 78 proceeding against the County, the DSS, and the Commissioner of the DSS to review the determination.

We find that there was substantial evidence to support the findings and conclusions of the hearing officer with respect to specification one. Evidence was adduced at the hearing, including testimony from the County's witnesses and documentary evidence, which demonstrated that the petitioner's supervisor had been informed by Barbara R.'s daughter that on November 5, 2011, her mother had been transported by the police to the hospital and was admitted, after she was found wandering in the neighborhood. The evidence further demonstrated that Barbara R. did not return to her home, as she was subsequently

placed at a rehabilitation facility and later an assisted living facility. In light of the foregoing, we may not disturb the Commissioner's determination that the petitioner was guilty of the charge set forth in specification one (see CPLR 7803 [4]).

However, the Commissioner's determination with respect to specification two was not supported by substantial evidence. According to that specification, the petitioner made a false entry when he stated that he visited Othniel L. on October 26, 2011, and gave him $200. The evidence concerning this charge was based primarily on Othniel L.'s statements that he had not seen the petitioner for the month of October and had not received his allowance since September, and the fact that there was no receipt signed by Othniel L. verifying that he had received his $200 bi-weekly allowance on October 26, 2011. Although Othniel L. asserted in his written statement that the petitioner did not visit him during the month of October 2011, substantial evidence in the record establishes, in fact, that the petitioner visited Othniel L. on October 7, 2011, and gave him his bi-weekly allowance on that date. There was also evidence that the maintenance director at Othniel L.'s apartment saw the petitioner walking out of Othniel L.'s building on October 26, 2011, and had a conversation with the petitioner about Othniel L. on that date. In addition, evidence was presented at the hearing which demonstrated that Othniel L. was displeased with the petitioner as a caseworker. There is also no evidence in the record that any money was missing from the account maintained by the DSS on behalf of Othniel L. Accordingly, the Commissioner's determination that the petitioner was guilty of the conduct alleged in specification two must be annulled and that specification dismissed.

Since the respondents imposed a penalty of termination of the petitioner's employment upon a finding that the petitioner was guilty of the conduct alleged in both specifications, and we are dismissing specification two, we vacate the penalty and remit the matter to the respondents to give them the opportunity to consider the appropriate penalty to be imposed upon the petitioner in connection with specification one, and the imposition of that penalty thereafter (see Matter of Peterson v City of Poughkeepsie, 99 AD3d at 717; see also Matter of Lewandowski v Port Auth. of N.Y. & N.J., 229 AD2d 360, 361 [1996]).

The petitioner's remaining contention is without merit. Dickerson, J.P., Leventhal, Austin and Hinds-Radix, JJ., concur.