In the Matter of JAMESON TOMCZAK, Respondent, v BOARD OF EDUCATION, EASTCHESTER UNION FREE SCHOOL DISTRICT, Appellant. [42 NYS3d 311]—

Proceeding pursuant to CPLR article 78 to review a determination of the Board of Education, Eastchester Union Free School District, dated December 10, 2013, which, after a hearing, confirmed the removal of the petitioner from his position as head custodian of the Anne Hutchinson School, which proceeding was transferred to this Court by order of the Supreme Court, Westchester County (Zuckerman, J.), dated August 14, 2014, and appeal by the Board of Education, Eastchester Union Free School District, from stated portions of the same order.

Ordered that the appeal is dismissed, as no appeal lies as of right from an interlocutory order entered in a proceeding pursuant to CPLR article 78 (*see* CPLR 5701 [b] [1]), and we decline to grant leave to appeal; and it is further,

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits; and it is further,

Ordered that one bill of costs is awarded to the Board of Education, Eastchester Union Free School District.

The petitioner commenced this CPLR article 78 proceeding in the Supreme Court, Westchester County, to review a determination by the Board of Education, Eastchester Union Free School District (hereinafter the school district), confirming his removal from the position of head custodian at a school. By order dated August 14, 2014, the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804 (g). The petition, however, only sought review of the penalty imposed and did not raise issues of substantial evidence (*see Matter of*

*Shane v New York State Dept. of State Div. of Licensing Servs.*, 135 AD3d 866, 866 [2016]; *Matter of Ottley v New York City Hous. Auth.*, 106 AD3d 741, 744 [2013]). Accordingly, transfer of the proceeding to this Court was not warranted (*see* CPLR 7804 [g]). However, because the full record is now before this Court, this Court will retain jurisdiction to decide the proceeding on the merits in the interest of judicial economy (*see Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 772-773 [2005]).

"An administrative penalty must be upheld unless it is so disproportionate to the offense as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law" (*Matter of Idahosa v Farmingdale State Coll.*, 97 AD3d 580, 581 [2012]; *see Matter of Kreisler v New York City Tr. Auth.*, 2 NY3d 775, 776 [2004]). In other words, both the Supreme Court and this Court "lack[ ] any discretionary authority or interest of justice jurisdiction in reviewing the penalty imposed" (*Matter of Featherstone v Franco*, 95 NY2d 550, 554 [2000]). "[A] result is shocking to one's sense of fairness if the sanction imposed is so grave in its impact on the individual subjected to it that it is disproportionate to the misconduct, incompetence, failure or turpitude of the individual, or to the harm or risk of harm to the agency or institution, or to the public generally visited or threatened by the derelictions of the individuals" (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 234 [1974]; *see Matter of Idahosa v Farmingdale State Coll.*, 97 AD3d at 581).

Under the circumstances presented here, the penalty of dismissal from the petitioner's employment with the school district was not so disproportionate to the offense as to be shocking to one's sense of fairness, thus constituting an abuse of discretion (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d at 234, 237; *Matter of Kurot v East Rockaway Fire Dept.*, 61 AD3d 760, 761 [2009]).

Accordingly, we confirm the school district's determination, deny the petition, and dismiss the proceeding on the merits. Rivera, J.P., Roman, Cohen and Miller, JJ., concur.