In the Matter of JOHN SULLIVAN, Respondent, v COUNTY OF ROCKLAND et al., Appellants. [55 NYS3d 252]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the Rockland County Department of Social Services, dated October 10, 2014, which, upon a determination of the Commissioner of the Rockland County Department of Social Services dated June 7, 2012, adopting the recommendation of a hearing officer dated June 6, 2012, made after a hearing, finding the petitioner guilty of gross misconduct, and terminating his employment, and upon remittitur from this Court by decision, order, and judgment dated October 1, 2014 (*see Matter of Sullivan v County of Rockland*, 121 AD3d 700 [2014]), again terminated his employment, the County of Rockland, the Rockland County Department of Social Services, and Susan Sherwood, as Commissioner of the Rockland County Department of Social Services, appeal from a judgment of the Supreme Court, Rockland County (Kelly, J.), dated April 23, 2015, which, in effect, granted the petition and remitted the matter for the imposition of a lesser penalty.

Ordered that the judgment is affirmed, with costs.

The petitioner was employed as a caseworker with the

Rockland County Department of Social Services (hereinafter DSS) since 1990. In December 2011, the County charged the petitioner with gross misconduct—falsification of business records, in two specifications, for allegedly making false entries in DSS's computer system. After a hearing, a hearing officer found that the County had submitted substantial evidence in support of both specifications, and recommended that the petitioner be terminated from his employment. On June 7, 2012, the Commissioner of DSS (hereinafter the Commissioner) issued a determination adopting the hearing officer's findings of fact and recommendation, and terminated the petitioner's employment.

The petitioner commenced a CPLR article 78 proceeding to review the determination. This Court, upon determining that specification number two was not supported by substantial evidence, granted the petition to the extent of annulling so much of the determination as found the petitioner guilty of specification number two, vacated the penalty imposed, otherwise confirmed the determination, and remitted the matter to the Commissioner for a new determination of the appropriate penalty to be imposed (see Matter of Sullivan v County of Rockland, 121 AD3d 700 [2014]).

The Commissioner then issued a determination dated October 10, 2014, again imposing a penalty of termination of employment. The petitioner commenced this CPLR article 78 proceeding to review that determination. The Supreme Court granted the petition and remitted the matter for the imposition of a lesser penalty. The County, Commissioner, and DSS (hereinafter collectively the appellants) appeal.

An administrative penalty must be upheld unless it is so disproportionate to the offense as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law (see Matter of Waldren v Town of Islip, 6 NY3d 735, 736 [2005]; Matter of Kreisler v New York City Tr. Auth., 2 NY3d 775, 776 [2004]; Matter of Harp v New York City Police Dept., 96 NY2d 892, 894 [2001]; Matter of Sassi v City of Beacon, 145 AD3d 789 [2016]). A result is shocking to one's sense of fairness if the sanction imposed is so grave in its impact on the individual subject to it that it is disproportionate to the misconduct, incompetence, failure, or turpitude of the individual, or the harm or risk of harm to the agency or institution, or to the public generally visited or threatened by the derelictions of the individuals (see Matter of Kelly v Safir, 96 NY2d 32, 38 [2001]; Matter of Tomczak v Board of Educ., Eastchester Union Free Sch. Dist., 144 AD3d 1165, 1166 [2016]; Matter of Smith v Tuckahoe Hous. Auth., 111 AD3d 642, 643 [2013]).

Here, the penalty imposed is so grave in its impact on the petitioner that it is disproportionate to the misconduct, or the risk of harm to DSS or the public. Under the circumstances of this case, the penalty of termination of employment for a single incident is so disproportionate to the offense as to be shocking to one's sense of fairness, and constitutes an abuse of discretion as a matter of law (*see Matter of Diefenthaler v Klein*, 27 AD3d 347, 348 [2006]; *Matter of Murray v Ilion Water Commn.*, 9 AD3d 903, 904 [2004]; *Matter of Lewandowski v Port Auth. of N.Y. & N.J.*, 229 AD2d 360, 361 [1996]; *Matter of Allman v Koehler*, 161 AD2d 114, 115 [1990]). The petitioner's actions were not so egregious or of such moral turpitude as to justify termination of his employment in light of his previously unblemished record (*cf. Matter of Douglas v New York City Bd./ Dept. of Educ.*, 87 AD3d 856, 857 [2011]; *Matter of Brais v Board of Educ. of Massena Cent. School Dist.*, 92 AD2d 706, 707 [1983]).

Accordingly, the Supreme Court properly, in effect, granted the petition and remitted the matter for the imposition of a lesser penalty. Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.