Matter of Sullivan v County of Rockland (2021 NY Slip Op 08235)





Matter of Sullivan v County of Rockland


2021 NY Slip Op 08235


Decided on March 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2019-00694
 (Index No. 1934/17)

[*1]In the Matter of John Sullivan, respondent,
v
County of Rockland, et al., appellants.


Thomas E. Humbach, County Attorney, New City, NY (Larraine S. Feiden of counsel), for appellants.
Feerick Nugent MacCartney, PLLC, South Nyack, NY (Stephen M. Honan of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a second notice of redetermination of the Commissioner of the Rockland County Department of Social Services dated August 28, 2017, which, upon a determination of the Commissioner of the Rockland County Department of Social Services dated October 10, 2014, terminating the petitioner's employment, and upon remittitur from this Court by decision and order dated May 3, 2017 (Matter of Sullivan v County of Rockland, 150 AD3d 743), demoted the petitioner from the position of caseworker to social welfare examiner, the County of Rockland, the Rockland County Department of Social Services, and Joan M. Silvestri, as Commissioner of the Rockland County Department of Social Services, appeal from a judgment of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated November 27, 2018. The judgment, insofar as appealed from, granted the petition, annulled the penalty of demotion, imposed a penalty of a 30-day suspension without pay for the sustained charge, directed that the petitioner be restored to his prior position of caseworker, and remitted the matter to the Rockland County Department of Social Services to calculate back salary and lost compensation owed to the petitioner.
ORDERED that the judgment is modified, on the law, by deleting the provision thereof imposing a penalty of a 30-day suspension without pay; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the County of Rockland, the Rockland County Department of Social Services, and Joan M. Silvestri, as Commissioner of the Rockland County Department of Social Services for further proceedings in accordance herewith.
The petitioner was a caseworker with the County of Rockland Department of Social Services (hereinafter DSS). After a disciplinary hearing, the petitioner was found guilty of gross misconduct-falsification of business records, and was terminated from his employment. Following a decision and order of this Court dated May 3, 2017, affirming a judgment granting the petitioner's petition pursuant to CPLR article 78 to review the penalty imposed, and remitting the matter for the imposition of a lesser penalty (Matter of Sullivan v County of Rockland, 150 AD3d 743), the petitioner was demoted from his position as caseworker to the position of social welfare examiner. [*2]The petitioner sought review of that new penalty. In the judgment appealed from, the Supreme Court, inter alia, struck the penalty of demotion, imposed a penalty of a 30-day suspension without pay, directed that the petitioner be restored to his prior position of caseworker, and remitted the matter to the DSS to calculate back salary and lost compensation owed to the petitioner. The County, the DSS, and the DSS's Commissioner (hereinafter collectively the appellants) appeal.
An administrative penalty must be upheld unless it is so disproportionate to the offense as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law (see Matter of Waldren v Town of Islip, 6 NY3d 735; Matter of Kreisler v New York City Tr. Auth., 2 NY3d 775; Matter of Harp v New York City Police Dept., 96 NY2d 892, 894; Matter of Anderson v Board of Educ. of the Oyster Bay-E. Norwich Cent. Sch. Dist., 186 AD3d 597). An administrative penalty is shocking to one's sense of fairness if the sanction imposed is so grave in its impact on the individual subject to it that it is disproportionate to the misconduct, incompetence, failure, or turpitude of the individual, or to the harm or risk of harm to the agency or institution, or to the public generally visited or threatened by the dereliction of the individual (see Matter of Kelly v Safir, 96 NY2d 32, 38; Matter of Tomczak v Board of Educ., Eastchester Union Free Sch. Dist., 144 AD3d 1165, 1166; Matter of Smith v Tuckahoe Hous. Auth., 111 AD3d 642, 643).
Here, the Supreme Court properly determined that the new penalty imposed by the Commissioner of the DSS was again shocking to one's sense of fairness (see Matter of Sullivan v County of Rockland, 150 AD3d at 743; Matter of Farrell v Dowling, 90 AD2d 849). The penalty of demotion by four salary grades, resulting in an approximate 37% decrease in salary, was so grave in its impact on the petitioner that it was disproportionate to the misconduct. The petitioner had never, in his more than 20-year career with the DSS, been subject to discipline before he was found guilty of the instant offense, and had received positive work performance reviews. Furthermore, the record shows that the petitioner was in poor health when he committed the subject act of misconduct.
However, under the particular circumstances of this case, the reduced penalty imposed by the Supreme Court was inadequate to address the gravity of the petitioner's misconduct and the resulting harm to the appellants and the public. Accordingly, we modify the judgment by deleting the provision thereof imposing a penalty of a 30-day suspension without pay and remit the matter to the appellants for the imposition of a penalty of one-year suspension without pay (see generally CPLR 7803[3]; Rob Tess Rest. Corp. v New York State Liq. Auth., 49 NY2d 874; Matter of Mitthauer v Patterson, 8 NY2d 37; Matter of McDougall v Scoppetta, 76 AD3d 338; Siegel & Connors, NY Prac § 570 [6th ed December 2020 Update]).
MASTRO, A.P.J., RIVERA, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court