Matter of Phelps v State of New York - Unified Ct. Sys. (2022 NY Slip Op 05088)

Matter of Phelps v State of New York - Unified Ct. Sys.

2022 NY Slip Op 05088

Decided on August 31, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 31, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2020-00194
 (Index No. 519001/19)

[*1]In the Matter of John Phelps, petitioner,
v
State of New York - Unified Court System, respondent.

Clifton Budd & DeMaria, LLP, New York, NY (Douglas P. Catalano and Kathryn E. Cronin of counsel), for petitioner.
Eileen D. Millett, New York, NY (Elizabeth A. Forman and Pedro Morales of counsel), for respondent.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York State Unified Court System dated May 9, 2019. The determination adopted the findings and recommendation of a hearing officer dated March 15, 2019, made after a hearing, that the petitioner was guilty of certain charges of misconduct, and terminated the petitioner's employment as a court reporter.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioner was employed as a court reporter by the New York State Unified Court System (hereinafter UCS) from approximately 1998 until his employment was terminated on or about May 9, 2019. At all times relevant to this proceeding, the petitioner was employed as a Principal Court Reporter. On or about March 28, 2018, a notice of charges was filed against the petitioner, alleging that he had engaged in specified acts of misconduct, including a failure to perform the duties and responsibilities of his job title and abuse of authority. The petitioner denied the charges.
At a hearing in December 2018, the petitioner and several other UCS employees testified. At the conclusion of the hearing, by report and recommendation dated March 15, 2019, a hearing officer found the petitioner guilty of each specified act of misconduct and recommended that the petitioner be terminated from his position. In a determination dated May 9, 2019, Deputy Chief Administrative Judge George J. Silver adopted the hearing officer's findings and recommendation, found the petitioner guilty of the specified misconduct, and terminated the petitioner from his position. The petitioner commenced the instant CPLR article 78 proceeding to review the determination. The proceeding was transferred to this Court pursuant to CPLR 7804(g).
In a proceeding pursuant to CPLR article 78, judicial review of a determination made by an administrative agency following an evidentiary hearing pursuant to direction by law is limited to whether the determination is supported by substantial evidence (see id. § 7803[4]; Matter of [*2]Noonan v Chong, 186 AD3d 713, 714; Matter of Gibbons v New York State Unified Ct. Sys., Off. of Ct. Admin., 78 AD3d 942, 943). Substantial evidence is "less than a preponderance of the evidence" and "demands only that a given inference is reasonable and plausible, not necessarily the most probable" (Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1045-1046 [internal quotation marks omitted]; see Matter of Noonan v Chong, 186 AD3d at 714). "Where substantial evidence exists, the reviewing court may not substitute its judgment for that of the agency, even if the court would have decided the matter differently" (Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d at 1046; see Matter of Noonan v Chong, 186 AD3d at 714). "It is the function of the administrative agency, not the reviewing court, to weigh the evidence or assess the credibility of the witnesses" (Matter of Bullock v State of N.Y. Dept. of Social Servs., 248 AD2d 380, 382; see Matter of Brentwood Union Free Sch. Dist. v Kirkland, 126 AD3d 898, 900).
Here, any credibility issues were resolved by the hearing officer, and substantial evidence in the record supports the determination that the petitioner was guilty of the specified acts of misconduct (see Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d at 1045-1046; Matter of Noonan v Chong, 186 AD3d at 714; Matter of Cupo v Uniondale Fire Dist., 181 AD3d 594, 595). The penalty of termination of employment was not so disproportionate to the offenses as to be shocking to one's sense of fairness (see Matter of Rutkunas v Stout, 8 NY3d 897, 898; Matter of Gibbons v New York State Unified Ct. Sys., Off. of Ct. Admin., 78 AD3d at 943).
DILLON, J.P., MALTESE, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court