Matter of Castillo v Shea (2024 NY Slip Op 02090)

Matter of Castillo v Shea

2024 NY Slip Op 02090

Decided on April 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 18, 2024

Before: Renwick, P.J., Kapnick, Shulman, Rosado, O'Neill Levy, JJ. 

Index No. 156670/21 Appeal No. 2081 Case No. 2023-00114 

[*1]In the Matter of Police Officer Robert Castillo, Petitioner,
v
Dermot Shea etc., et al., Respondents.

Law Office of John A. Scola, PLLC, New York (John Scola of counsel), for petitioner.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Tahirih M. Sadrieh of counsel), for respondents.

Determination of respondent Police Commissioner, dated March 26, 2021, which, after a hearing, terminated petitioner's employment with the New York City Police Department, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [William Franc Perry, J.], entered on November 18, 2022), dismissed, without costs.
Substantial evidence supports the finding that petitioner is guilty of four of the five disciplinary charges levied against him, including that he engaged in a physical altercation with his estranged wife, failed to request permission before leaving his residence while on sick report, and violated a protective order on multiple occasions (Matter of Romero v Martinez, 280 AD2d 58, 61 [1st Dept 2001], lv denied 96 NY2d 721 [2001]; see also Matter of Acosta v Wollett, 55 NY2d 761, 762-763 [1981]). The Hearing Officer was entitled to credit the testimony of petitioner's estranged wife over petitioner's testimony (see Matter of Cha v New York State Indus. Bd. of Appeals, 204 AD3d 602, 603 [1st Dept 2022]). The Hearing Officer also reasonably determined that petitioner failed to identify himself as a uniformed member of the service during a May 2019 domestic incident, as petitioner's testimony was inconsistent with the responding officer's body camera footage and his testimony that petitioner did not identify himself.
The penalty of dismissal is not disproportionate to the seriousness of the multiple violations involved (see Matter of Kelly v Safir, 96 NY2d 32, 38 [2001]).
Petitioner's claims of due process violations are unavailing, as it is undisputed that he received advance notice of the charges and a full evidentiary hearing, and he was represented by counsel (see e.g. Matter of Vargas v Safir, 278 AD2d 54 [1st Dept 2000]). Contrary to his claim, respondents appear to have submitted the administrative record, including a certified transcript of the hearing, with their answer. Petitioner's contentions regarding his sealed arrest records are unavailing, as the administrative decision reflects that the Hearing Officer based his conclusions on the witnesses' testimony and exhibits entered into evidence by stipulation of the parties. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 18, 2024