Matter of Black v Molina (2025 NY Slip Op 00320)

Matter of Black v Molina

2025 NY Slip Op 00320

Decided on January 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2023-00425
 (Index No. 703626/22)

[*1]In the Matter of James Black, etc., petitioner,
v
Louis Molina, etc., et al., respondents.

Worth, London & Martinez, LLP, New York, NY (Tara Talmadge and Stuart Gold of counsel), for petitioner.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Melanie T. West and Lorenzo Di Silvio of counsel), for respondents.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York City Department of Correction dated October 19, 2021. The determination adopted the report and recommendation of an administrative law judge dated June 22, 2021, made after a hearing pursuant to Civil Service Law § 75, finding that the petitioner violated certain New York City Department of Correction rules, and terminated the petitioner's employment as a correction officer.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioner was employed as a correction officer with the New York City Department of Correction (hereinafter the DOC). The DOC charged the petitioner with violations of its rules, alleging, among other things, that he used excessive force against an incarcerated person. A disciplinary hearing pursuant to Civil Service Law § 75 was conducted. Following the hearing, in a determination dated October 19, 2021, the Commissioner of the DOC (hereinafter the Commissioner) adopted a report and recommendation of an administrative law judge (hereinafter the ALJ) finding the petitioner guilty of the charges and terminated the petitioner's employment.
In February 2022, the petitioner commenced this proceeding pursuant to CPLR article 78 to review the Commissioner's determination. By order entered July 25, 2022, the Supreme Court transferred the proceeding to this Court for determination.
"In an employee disciplinary case, judicial review of factual findings made after a hearing pursuant to Civil Service Law § 75 is limited to consideration of whether that determination was supported by substantial evidence" (Matter of Thomas v Town of Southeast, N.Y., 168 AD3d 955, 956-957). "Substantial evidence is related to the charge or controversy and involves a weighing of the quality and quantity of the proof; the term means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Matter of Sullivan v County of Rockland, 121 AD3d 700, 701 [internal quotation marks omitted]). Stated otherwise, "[s]ubstantial evidence is 'less than a preponderance of the evidence' and 'demands only that a given inference is [*2]reasonable and plausible, not necessarily the most probable'" (Matter of Phelps v State of N.Y.—Unified Ct. Sys., 208 AD3d 880, 881, quoting Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1045-1046).
When there is conflicting evidence or different inferences may be drawn, the duty of weighing the evidence and making the choice rests solely upon the administrative agency (see Matter of Kelly v County of Dutchess, 176 AD3d 1060, 1062). In other words, "[w]here substantial evidence exists, the reviewing court may not substitute its judgment for that of the agency, even if the court would have decided the matter differently" (Matter of Phelps v State of N.Y.—Unified Ct. Sys., 208 AD3d at 881 [internal quotation marks omitted]).
Contrary to the petitioner's contention, the record before the ALJ contained substantial evidence to sustain the findings of misconduct. There was evidence indicating, among other things, that the petitioner kicked and struck the incarcerated person with a baton while that person was already in handcuffs and lying face down on the floor. Based on the record before her, it was not unreasonable for the ALJ to infer that the petitioner used excessive force and, moreover, inaccurately reported the circumstances surrounding the incident on a use of force report and during an interview (see id.).
"Judicial review of an administrative penalty is limited to whether the measure or mode of penalty or discipline imposed constitutes an abuse of discretion as a matter of law" (Matter of Tenemille v Town of Ramapo, 188 AD3d 704, 705 [internal quotation marks omitted]). "An administrative penalty must be upheld unless it is so disproportionate to the offense as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law" (Matter of Sullivan v County of Rockland, 192 AD3d 895, 897; see Matter of Bolt v New York City Dept. of Educ., 30 NY3d 1065, 1069-1072). "An administrative penalty is shocking to one's sense of fairness if the sanction imposed is so grave in its impact on the individual subject to it that it is disproportionate to the misconduct, incompetence, failure, or turpitude of the individual, or to the harm or risk of harm to the agency or institution, or to the public generally visited or threatened by the dereliction of the individual" (Matter of Sullivan v County of Rockland, 192 AD3d at 897, citing Matter of Kelly v Safir, 96 NY2d 32, 38). Contrary to the petitioner's contention, the penalty of termination of employment imposed upon a correction officer found to have used excessive force upon an incarcerated person and inaccurately reported the circumstances surrounding the incident does not shock one's sense of fairness (see Matter of Vargas v Safir, 278 AD2d 54, 54; Matter of DiGiovanni v Safir, 277 AD2d 36, 36).
The petitioner's remaining contention is without merit.
BRATHWAITE NELSON, J.P., MILLER, FORD and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court