■ In the Matter of PLATINUM PLEASURES, Appellant, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [996 NYS2d 23]—

Judgment, Supreme Court, New York County (Alexander W. Hunter, Jr., J.), entered March 3, 2014, denying the petition to annul respondent New York State Liquor Authority's determination, dated July 1, 2013, issued on default, to revoke petitioner's on-premises liquor license, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously reversed, on the law, without costs, the petition granted, the determination vacated, and the matter remanded for a hearing on the underlying charges.

Regardless of whether petitioner defaulted under 9 NYCRR 54.2, it established that the revocation order should be vacated because it had a reasonable excuse for the alleged default and a meritorious defense. Petitioner's default was excusable because its former counsel explained that he had a regular custom of emailing respondent's counsel when conducting business, that his communications had never been rejected before, that the email of the notice of appearance and not-guilty plea was never rejected by respondent, and that his repeated requests before the default was issued, inquiring as to the status of the pending administrative proceeding, went unanswered. Further, petitioner made a prima facie showing of a meritorious defense to the charges, as the alleged misconduct occurred on the public sidewalk outside the licensed premises (*see* 9 NYCRR 48.2; Alcoholic Beverage Control Law § 106 [6]; *Matter of JA Rocks Inc. v New York State Liq. Auth.*, 43 AD3d 663, 663 [1st Dept 2007]).

We note that upon learning of the revocation order, petitioner's former counsel promptly requested that respondent vacate the finding, and petitioner timely commenced the instant article 78 proceeding.

Given the foregoing determination, we need not reach petitioner's remaining contentions. Concur—Mazzarelli, J.P., Acosta, DeGrasse and Clark, JJ.