15-1907
*Fahrenkrug v. Verizon, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of June, two thousand and sixteen.

PRESENT:  JON O. NEWMAN,
          RICHARD C. WESLEY,
          CHRISTOPHER F. DRONEY,
                    *Circuit Judges.*

_____

SUSAN FAHRENKRUG,

                    *Plaintiff-Appellant,*


          v.                                No. 15-1907


VERIZON SERVICES CORPORATION,
KEVIN VAN INWEGEN, MATTHEW
FORLENZA, CAROL FRASCO, JANE
AND JOHN DOES,

                    *Defendants-Appellees,*

CELLCO PARTNERSHIP, VERIZON
NEW YORK, INC.,

*Defendant*.

FOR PLAINTIFF-APPELLANT: A.J. BOSMAN, Bosman Law Firm, Rome, NY.

FOR DEFENDANTS-APPELLEES: SCOTT H. CASHER (George C. Morrison, *on the brief*), White and Williams LLC, Pleasantville, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Sannes, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the judgment of the District Court is

AFFIRMED.

Plaintiff-Appellant Susan Fahrenkrug ("Plaintiff") appeals from an Order

of the United States District Court for the Northern District of New York (Sannes,

*J.*) granting a motion for summary judgment by Defendants-Appellees Verizon

Services Corp. ("Verizon") and several individuals (collectively with Verizon,

"Defendants"), and dismissing Plaintiff's amended complaint in its entirety with

prejudice. Plaintiff also seeks review of the District Court's partial denial of a previously filed motion to compel discovery.[1]

At the outset, we note that Plaintiff has waived certain arguments she pursued below by failing to raise them on appeal. We thus consider only the following claims: (1) disparate treatment on the basis of gender in violation of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the New York State Human Rights Law, Exec. Law § 290 *et seq.* ("NYSHRL"); (2) retaliation in violation of Title VII and the NYSHRL; and (3) certain discovery rulings by the District Court.[2]

---

[1] We review *de novo* a district court's grant of summary judgment, construing the evidence in the light most favorable to the non-moving party. *Tenenbaum v. Williams*, 193 F.3d 581, 593 (2d Cir. 1999). The function of this Court is not to "weigh the evidence and determine the truth of the matter," but instead only to determine whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Perreca v. Gluck*, 295 F.3d 215, 220 (2d Cir. 2002) (internal quotation marks omitted).

A district court's discovery rulings "are reversed only upon a clear showing of an abuse of discretion." *Cruden v. Bank of New York*, 957 F.2d 961, 972 (2d Cir. 1992). An abuse of discretion occurs only if the ruling is based on an erroneous view of the law, a clearly erroneous assessment of the evidence, or results in a decision that "cannot be located within the range of permissible decisions." *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010) (internal quotation marks omitted).

We assume the parties' familiarity with the facts and record below, which we reference only as necessary to explain our decision.

[2] Like the District Court, we reject Plaintiff's affidavit insofar as it contains inadmissible hearsay and contradicts Plaintiff's prior sworn deposition testimony. *See* Special App. 19 n.1. A party may not defeat a motion for summary judgment by submitting an

To establish a prima facie case of gender discrimination under Title VII and the NYSHRL,[3] a plaintiff must demonstrate: (1) membership in a protected class; (2) satisfactory job performance; (3) an adverse employment action; and (4) circumstances surrounding the employment action that give rise to an inference of discrimination. *Montana v. First Fed. Sav. & Loan Ass'n of Rochester*, 869 F.2d 100, 106–07 (2d Cir. 1989); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 (1973). Failure to establish any one of these necessary elements mandates dismissal of the plaintiff's complaint. *Chertkova v. Conn. Gen. Life Ins. Co.*, 92 F.3d 81, 86 (2d Cir. 1996).

An adverse employment action is "a materially adverse change in the terms and conditions of employment." *Sanders v. NYC Human Res. Admin.*, 361 F.3d 749, 755 (2d Cir. 2004) (internal quotation marks omitted). "Employment actions that [this Court has] deemed sufficiently disadvantageous to constitute an adverse employment action include a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material

---

affidavit that disputes or contradicts prior sworn testimony. *See Trans-Orient Marine Corp. v. Star Trading & Marine, Inc.*, 925 F.2d 566, 572 (2d Cir. 1991). Similarly, affidavits submitted to defeat summary judgment "must be admissible themselves or must contain evidence that will be presented in an admissible form at trial." *Santos v. Murdock*, 243 F.3d 681, 683 (2d Cir. 2001) (per curiam).

[3] We apply the same analytical framework to review claims under Title VII and the NYSHRL. *Pucino v. Verizon Wireless Commc'ns, Inc.*, 618 F.3d 112, 117 n.2 (2d Cir. 2010).

loss of benefits, significantly diminished material responsibilities, or other indices unique to a particular situation." *Beyer v. Cty. of Nassau*, 524 F.3d 160, 163 (2d Cir. 2008) (alteration and internal quotation marks omitted).

A plaintiff may raise an inference of discrimination by showing disparate treatment, *i.e.*, by showing that his employer "treated him less favorably than a similarly situated employee outside his protected group." *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000). "When considering whether a plaintiff has raised an inference of discrimination by showing that she was subjected to disparate treatment, we have said that the plaintiff must show she was 'similarly situated in all material respects' to the individuals with whom she seeks to compare herself." *Id.* (quoting *Shumway v. United Parcel Serv., Inc.*, 118 F.3d 60, 64 (2d Cir. 1997)). "As a general rule, whether [employee]s are similarly situated is a factual issue that should be submitted to the jury. This rule is not absolute, however, and a court can properly grant summary judgment where it is clear that no reasonable jury could find the similarly situated prong met." *Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 499 n.2 (2d Cir. 2001) (citation omitted).

For substantially the reasons stated by the District Court, we find that Plaintiff failed to make out a prima facie case of gender discrimination. Specifically, we conclude that Plaintiff failed to prove circumstances surrounding adverse employment actions that give rise to an inference of gender discrimination. Despite her claims of disparate treatment, Plaintiff did not submit any evidence pertaining to her male peers' job duties, assignments, bonuses, or salary increases. With regard to Plaintiff's termination after she declined to move to Tampa, we agree with the District Court that "Plaintiff has failed to adduce any evidence to create a material issue of fact with respect to Forlenza's explanation that he attempted to find her a new position in her geographic area, just as he attempted to find positions for Driscoll and Johnson." Special App. 50. Plaintiff thus has not shown that she was treated "less favorably than a similarly situated employee outside [her] protected group." *Graham*, 230 F.3d at 39.

For similar reasons, we affirm the District Court's ruling that Plaintiff's retaliation claims fail. In addition to retaliatory discharge, Plaintiff argued that Defendants retaliated for her gender discrimination complaints by ignoring those complaints and then monitoring or recording the computer that she used at

6

work.  We find that the District Court properly dismissed these claims on the basis that "[t]hese allegations, even if true, do not show an adverse employment action" and that "failure to investigate an employee's complaint is not retaliation for filing that same complaint."  Special App. 60 (citing *Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 721 (2d Cir. 2010)).

Finally, we find that the District Court did not abuse its discretion in making any of the discovery rulings that Plaintiff challenges on appeal.  The District Court properly exercised its discretion in allowing Defendants the opportunity to supplement their privilege log and submit documents for *in camera* review.  The District Court also found properly, based upon this *in camera* review and firmly established case law concerning work product privilege, that each of the individually withheld communications were "clearly addressed under the supervision of the legal department [and made] in anticipation of litigation."  App. 419.  Lastly, the District Court did not abuse its discretion in denying Plaintiff's request for company-wide discovery on the basis that this request was overly broad.

We have considered all of Plaintiff's remaining arguments and find them to be without merit.[4] We see no material factual dispute on the record barring judgment as a matter of law, and thus we AFFIRM the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[4] Because we find that Plaintiff failed to establish a prima facie case of gender discrimination, we need not consider any further steps under the *McDonnell-Douglas* burden-shifting analysis.