*Reed v. Fortive Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of April, two thousand twenty-four.

PRESENT:
> GUIDO CALABRESI,
> MICHAEL H. PARK,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

---

Hayley Reed,

> *Plaintiff-Appellant,*

v.                                                                    **23-1075**

Fortive Corporation, Qualitrol Company LLC, Andrew McCauley, in his individual and professional capacities,

> *Defendants-Appellees.*

---

FOR PLAINTIFF-APPELLANT:      MICHAEL J. WILLEMIN, Wigdor LLP, New York, NY.

FOR DEFENDANTS-APPELLEES:      JAMIE HAAR (Simone R.D. Francis, *on the brief*), Ogletree, Deakins, Nash, Smoak &

Stewart, P.C., St. Thomas, Virgin Islands & New York, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Siragusa, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Hayley Reed brought various state and federal claims against Qualitrol Company LLC, Fortive Corporation, and Andrew McCauley—her former employer, its parent company, and its President, respectively—based on an alleged sexual advance made by McCauley and the mistreatment that Reed allegedly suffered after rejecting and eventually reporting the advance. The district court granted Appellees' motion to dismiss all the claims that Reed brought in her Amended Complaint. Reed challenges that decision with respect to her claims for (1) quid pro quo sexual harassment, (2) retaliation, and (3) constructive discharge. We assume the parties' familiarity with the remaining underlying facts, procedural history of the case, and issues on appeal.

We review a district court's grant of a motion to dismiss de novo. *See Alix v. McKinsey & Co., Inc.*, 23 F.4th 196, 202 (2d Cir. 2022). To survive a motion to dismiss, a complaint's "allegations must meet the plausibility standard set out in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)." *Id.*

**I.     Quid Pro Quo Sexual Harassment**

"To state a quid pro quo claim, [a plaintiff] must show a tangible employment action, i.e., that an explicit alteration in the terms or conditions of employment resulted from her refusal to submit to [a] sexual advance[]." *Schiano v. Quality Payroll Sys., Inc.*, 445 F.3d 597, 604 (2d Cir.

2006) (cleaned up). Reed's quid pro quo claim fails because she makes only "conclusory allegations of implied sexual advances." *Sutton v. Stony Brook Univ.*, No. 21-2055, 2022 WL 4479509, at *2 (2d Cir. Sept. 27, 2022) (summary order). Her description of McCauley's conduct in August 2019 creates no more than "a sheer possibility that a defendant has acted unlawfully." *Vengalattore v. Cornell Univ.*, 36 F.4th 87, 102 (2d Cir. 2022) (quoting *Iqbal*, 556 U.S. at 678). Reed's claim is based on a single incident in which McCauley allegedly invited her to see a corporate apartment on their way to lunch, asked her repeatedly to join him in the apartment's bedroom, and then inquired over lunch whether she was married or had a boyfriend. The Amended Complaint contains no allegations of any sexual comments or physical contact, never alleges that McCauley engaged in any other sexual conduct towards Reed or anyone else, and makes no other allegations sufficient to support an inference that McCauley's conduct was sexual. As the district court determined, these conclusory allegations do not satisfy *Iqbal*'s pleading standard. Reed has not plausibly alleged a sexual advance, and so she cannot plausibly show that any tangible employment action stemmed from her refusal to submit to such an advance.

## II. Retaliation and Constructive Discharge

"[F]or a retaliation claim to survive . . . a motion to dismiss, the plaintiff must plausibly allege that: (1) defendants discriminated—or took an adverse employment action—against [her], (2) because [she] has opposed any unlawful employment practice." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 90 (2d Cir. 2015) (internal quotation marks omitted). "[T]he plaintiff need only have had a good faith, reasonable belief that [she] was opposing an employment practice made unlawful by Title VII." *Kessler v. Westchester Cnty. Dep't of Soc. Servs.*, 461 F.3d 199, 210 (2d Cir. 2006) (internal quotation marks omitted). "The reasonableness of the plaintiff's belief is to be assessed in light of the totality of the circumstances." *Kelly v. Howard I. Shapiro & Assocs.*

*Consulting Eng'rs, P.C.*, 716 F.3d 10, 14-15 (2d Cir. 2013) (internal quotation marks omitted). "However, mere subjective good faith belief is insufficient; the belief must be reasonable and characterized by *objective* good faith." *Id.* at 16 (cleaned up).

Reed claims that she opposed unlawful employment practices twice: first, by rejecting McCauley's alleged sexual advance; and second, by filing a formal complaint about that incident roughly a year-and-a-half later.

The parties dispute whether declining a sexual advance counts as opposing an unlawful employment practice. We have recognized previously that the circuits disagree on this question. *See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 115 n.12 (2d Cir. 2013). But we need not answer this question because, regardless of whether rejecting a sexual advance can *ever* count as opposing an unlawful employment practice, Reed has failed to allege adequately that she had a reasonable, good-faith belief that McCauley's conduct violated the law or that her conduct constituted opposition to unlawful conduct.

As for Reed's formal complaint in February 2021, she fails to allege that Defendants-Appellees took an adverse employment action against her for filing it. Her allegations that new monitoring programs appeared on her computer do not suffice for a claim of retaliation because Reed does not plausibly allege that the monitoring was so severe that "it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Banks v. Gen. Motors, LLC*, 81 F.4th 242, 275 (2d Cir. 2023) (quoting *Burlington N. & Sante Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)); *see also*, *Thomson v. Odyssey House*, 652 F. App'x 44, 46 (2d Cir. 2016) ("[E]xcessive scrutiny is not an actionable adverse employment action."); *Fahrenkrug v. Verizon Servs. Corp.*, 652 F. App'x 54, 57 (2d Cir. 2016).

Finally, having affirmed the dismissal of Reed's other claims, we affirm the district court's

dismissal of her constructive discharge claims as well.

* * *

We have considered the remainder of Reed's arguments and find them to be without merit.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court