■ PHILIP WEISS, Respondent, v CITY OF NEW YORK, Appellant. [717 NYS2d 548] —Order, Supreme Court, New York County

(Louis York, J.), entered on March 3, 1998, which granted plaintiff's motion to vacate an order of the same court (Bruce Wright, J.), entered on or about December 15, 1994, which, upon reargument, dismissed the complaint, and directed that the case be restored to the trial calendar for an assessment of damages, unanimously reversed, on the law, without costs, and the matter remanded to Justice York for determination of defendant's motion for reargument.

In the matter at issue, Justice Wright presided at an assessment of damages, granted plaintiff's motion to set aside the jury's verdict therein, decided defendant's motion to reargue under the mistaken impression that no opposition had been submitted, and, subsequently, retired from the bench. Under the circumstances, Justice York properly treated Justice Wright's order as one entered on default and vacated it pursuant to CPLR 5015. Having done so, he then should have proceeded to decide the restored motion to reargue. Judiciary Law § 21 prohibits a trial-level Judge from deciding a matter in which oral argument or testimony was presented in court and he or she was not present and sitting as a Judge. However, it does not prohibit such a Judge from deciding such a matter where, as here, purely legal questions are at issue, all relevant argument is preserved in the record, and the Judge is not required to weigh conflicting testimony or assess credibility (*see, Plunkett v Emergency Med. Serv.*, 234 AD2d 162, 163). Concur—Williams, J. P., Tom, Mazzarelli, Rubin and Friedman, JJ.