■ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., et al., Appellants, v EDWARD A. DIANA, Respondent. [853 NYS2d 571]—

In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the respondent Edward A. Diana to permit the petitioner Ronald J. Greene to vote on all matters before the Orange County Deferred Compensation Committee, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Orange County (Alessandro, J.), dated November 22, 2006, which, in effect, granted the respondent's motion to dismiss the petition as time-barred, and dismissed the proceeding.

Ordered that the order and judgment is reversed, on the law, with costs, the motion to dismiss the petition is denied, the petition is reinstated, and the matter is remitted to the Supreme Court, Orange County for further proceedings consistent herewith.

At meetings of the Orange County Deferred Compensation Committee (hereinafter the Committee) held on July 15, 2005, and March 15, 2006, the petitioner Ronald J. Greene, a representative of the petitioner Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO (hereinafter CSEA), assigned to sit on the Committee, was not permitted to vote on issues involving the plan administrator of the deferred compensation plan applicable to County employees. Greene and CSEA commenced this CPLR article 78 proceeding in the nature of mandamus in July 2006 to compel the respondent Edward A. Diana, the chair of the Committee, to permit Greene to vote on these matters. However, the Supreme Court granted Diana's motion to dismiss the petition as time-barred and dismissed the proceeding. We reverse.

A proceeding pursuant to CPLR article 78 must be commenced within four months after the challenged determination becomes final and binding on the petitioner (see CPLR 217 [1]).

Contrary to the conclusion of the Supreme Court, Diana failed to establish that his refusal to permit Greene to vote on July 15, 2005 as a member of the Committee was a final and binding determination that inflicted an actual, concrete injury that could not be "significantly ameliorated" by subsequent administrative action (*Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y.,* 5 NY3d 30, 34 [2005]; *see Matter of Essex County v Zagata,* 91 NY2d 447, 454 [1998]). Rather, the allegations in the petition refer to a continuing statutory violation (*see Matter of Condo Units v New York State Div. of Hous. & Community Renewal,* 4 AD3d 424, 425 [2004]; *see generally Selkirk v State of New York,* 249 AD2d 818, 819 [1998]; *cf. Watson v State of New York,* 35 AD3d 985, 986 [2006]). Thus, the proceeding was timely commenced within four months of the March 15, 2006, refusal to permit Greene to vote.

In view of our determination, the matter must be remitted to the Supreme Court, Orange County to permit Diana to file an answer (*see Matter of Bethelite Community Church, Great Tomorrows Elementary School v Department of Envtl. Protection of City of N.Y.,* 8 NY3d 1001, 1002 [2007]). Mastro, J.P., Rivera, Covello and Dickerson, JJ., concur.