Thomson v. Odyssey House

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of June, two thousand Sixteen.

PRESENT: AMALYA L. KEARSE,
RALPH K. WINTER,
DENNIS JACOBS,
            Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

GEORGINA THOMSON,
        Plaintiff-Appellant,

SHEILA CLARK,
        Plaintiff,

        -v.-                                        15-3363

ODYSSEY HOUSE,
        Defendant-Appellee,

VANCE HERBERT, DARRIN BROWN, GAIL HARRISON, DOES 1-10,
        Defendants.*

- - - - - - - - - - - - - - - - - - - -X

---

        *    The Clerk of Court is directed to amend the caption as written above.

1

**FOR APPELLANT:**          Nkereuwem Umoh, Umoh Law Firm, PLLC, Brooklyn, New York.

**FOR APPELLEE:**          Wendy J. Mellk and Damon W. Silver, Jackson Lewis, P.C., New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brodie, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Georgina Thomson appeals from the judgment of the United States District Court for the Eastern District of New York (Brodie, <u>J.</u>), dismissing her complaint for failure to state a claim.[1] The complaint alleges retaliation in violation of 42 U.S.C. § 1981 and claims of violation of the Americans with Disabilities Act ("ADA").[2] We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

1.   To establish a prima facie case of retaliation under § 1981, a plaintiff must allege (1) that she engaged in a protected activity; (2) defendant was aware of that activity; (3) she suffered an adverse employment action; and (4) there was sufficient causal connection between the protected activity and the adverse employment action. <u>See Fincher v. Depository Trust & Clearing Corp.</u>, 604 F.3d 712, 720 (2d Cir. 2010). Causation "can be shown either: (1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through

---

[1]   The defendant's motion to dismiss was denied in part as to the other plaintiff, Sheila Clark; the defendants agreed to settle Clark's remaining claim, and so she is not part of this appeal.

[2]   The district court's order also dismissed Thomson's New York State and City Human Rights Law claims and her Title VII claims, which she does not appeal from. All claims against the individual defendants (Vance Herbert, Darrin Brown, and Gail Harrison) were dismissed sua sponte for failure to serve.

other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory animus directed against the plaintiff." Gordon v. N.Y.C. Bd. of Educ., 232 F.3d 111, 117 (2d Cir. 2000).

The district court ruled that Thomson had not alleged facts demonstrating a sufficient causal connection between her alleged internal complaints in 2011 and her alleged termination in 2014. The plaintiff does not contest this ruling; rather, she argues that the adverse action by defendant was not the termination, but the "closer supervision" to which she was subjected. However, excessive scrutiny is not an actionable adverse employment action. See Kessler v. Westchester Cty. Dep't of Soc. Servs., 461 F.3d 199, 207 (2d Cir. 2006) ("[A] plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." (quoting Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006)); see also, e.g., Murray v. Town of N. Hempstead, 853 F. Supp. 2d 247, 267 (E.D.N.Y. 2012) ("[W]ith regard to the heightened supervision and surveillance, even if assumed to be true, the facts as alleged here would not, as a matter of law, constitute adverse employment actions.").

2. Plaintiff's ADA discrimination and reasonable accommodation claims fail because no facts are pled to support an inference that any alleged disability was causally linked to her termination. See Smith v. Hogan, 794 F.3d 249, 253 (2d Cir. 2015) ("In order to establish a prima facie case of employment discrimination under the ADA . . . a plaintiff must adequately plead that he was terminated *because of* a qualifying disability." (emphasis added)).

Likewise, the plaintiff has not alleged enough facts to establish a prima facie reasonable accommodation claim. To allege a violation of the ADA for failure to provide a reasonable accommodation, a plaintiff must allege that (1) plaintiff is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of his disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations. McMillan v. City of New York, 711 F.3d 120, 125-26 (2d Cir. 2013). Even

assuming the validity of her disability, Thomson does not allege when, if ever, she notified the defendant of her disability or sought any kind of accommodation. Accordingly, her reasonable accommodation claim also fails.

For the foregoing reasons, and finding no merit in the plaintiff's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK