■ In the Matter of 345 WEST 70TH TENANTS CORP., Petitioner, v NEW YORK CITY ENVIRONMENTAL CONTROL BOARD et al., Respondents. [39 NYS3d 768]—

Determination of respondent Environmental Control Board (ECB), dated March 27, 2014, which affirmed the finding of an ECB administrative law judge that petitioner had violated Administrative Code of City of NY § 28-118.3.2, and imposed a civil penalty of $1,200, unanimously annulled, without costs, and the petition brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Paul Wooten, J.], entered May 8, 2015), granted.

ECB's determination was not supported by substantial evidence, and was affected by an error of law (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 181 [1978]). The record demonstrates that petitioner's apartment building was constructed in 1905, prior to January 1, 1938, when certificates of occupancy began to be required. The inspection cards (I-cards) indicate that, as of January 1, 1938, the subject cellar apartment was in use as a dwelling, establishing the apartment's legal use for that purpose. As there is no evidence of any subsequent authorized change to the apartment's legal use, that remains its legal use today (see NY City Charter § 645 [b] [3] [b]; Administrative Code §§ 28-118.3.2, 28-118.3.4).

The 1945 I-card, which indicates that the cellar apartment was not in use at the time of a November 1945 inspection, does not establish any change in the apartment's legal use. I-cards "provide evidence of the inspector's observations and thus of the nature of the use or occupancy, whether legal or not," but do not "amend or supercede the certificate of occupancy" or themselves "determine the legality of an existing use or occupancy" (City of New York v 330 Cont. LLC, 18 Misc 3d 381, 392 [Sup Ct, NY County 2007], mod on other grounds 60 AD3d 226 [1st Dept 2009]). To the extent that, for some time after 1945, the building owner may have changed the use of the cellar apartment (rather than merely leaving it vacant for some

time), that change was done without authorization and had no legal effect (*see* Administrative Code § 28-102.4.2). Furthermore, respondents' reliance on three letters of no objection stating respondent Department of Buildings' opinion as to the apartment's legal status, as well as on ECB's own administrative precedent regarding the legal effect of I-cards, is unavailing, as all are based on the same fundamental legal error (*see Matter of Charles A. Field Delivery Serv. [Roberts]*, 66 NY2d 516, 519 [1985]). Concur—Friedman, J.P., Andrias, Moskowitz, Gische and Gesmer, JJ.