Matter of Angels of the World, Inc. v New York State Liq. Auth. (2022 NY Slip Op 06124)

Matter of Angels of the World, Inc. v New York State Liq. Auth.

2022 NY Slip Op 06124

Decided on November 2, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2019-08203
 (Index No. 1875/19)

[*1]In the Matter of Angels of the World, Inc., petitioner, 
v
New York State Liquor Authority, respondent.

The Katsorhis Law Firm, P.C., Flushing, NY (Kerry J. Katsorhis of counsel), for petitioner.
Gary Meyerhoff, Albany, NY (Mark D. Frering of counsel), for respondent.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review so much of a determination of the New York State Liquor Authority, dated March 25, 2019, as, upon adopting the findings of an administrative law judge, made after a hearing, sustained certain charges against the petitioner, canceled the petitioner's liquor license, and imposed a $1,000 bond claim.
ADJUDGED that the determination is confirmed insofar as reviewed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
In March 2019, the petitioner commenced this proceeding pursuant to CPLR article 78 to review so much of a determination of the respondent, the New York State Liquor Authority, dated March 25, 2019, as, upon adopting the findings of an administrative law judge (hereinafter the ALJ), made after a hearing, sustained certain charges against the petitioner, canceled the petitioner's liquor license, and imposed a $1,000 bond claim.
In an order dated May 24, 2019, the Supreme Court, inter alia, denied that branch of the petition which alleged that the petitioner's constitutional right to due process was violated by the ALJ's decision, at the start of the hearing, to allow the respondent to amend the notice of pleading pursuant to 9 NYCRR 54.4(d), and transferred to this Court those branches of the petition which alleged, inter alia, that the respondent's determination was not supported by substantial evidence. Since the petition raised the issue of whether the respondent's determination was supported by substantial evidence, and that branch of the petition which challenged the amendment of the notice of pleading is not an objection that could have terminated the proceeding with the meaning of CPLR 7804(g), the Supreme Court should have transferred the proceeding to this Court without disposing of any issues (see Matter of Al Turi Landfill v New York State Dept. of Envtl. Conservation, 289 AD2d 231, 231, affd 98 NY2d 758). Nonetheless, because the record is now before us, we review the issues de novo and find them to be without merit.
There is no basis to disturb the determination of the respondent to uphold the decision of the ALJ, at the start of the hearing, to allow the respondent to amend the notice of pleading to add two new charges (see 9 NYCRR 54.4[d]). Notably, at the hearing, the petitioner never expressly [*2]disputed the ALJ's findings as to the new charges and, at the close of the hearing, the petitioner essentially admitted to those charges and asked for mitigation.
With respect to the petitioner's remaining contentions, "judicial review of an administrative determination made after a hearing required by law, and at which evidence was taken, is limited to whether that determination is supported by substantial evidence" (Matter of Willis v New York State Liq. Auth., 118 AD3d 1013, 1013-1014 [internal quotation marks omitted]; see CPLR 7803[4]). Substantial evidence is "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180; see Matter of Last Train Stop, Inc. v New York State Liq. Auth., 161 AD3d 869, 870). "The standard demands only that a given inference is reasonable and plausible, not necessarily the most probable" (Matter of Sherwyn Toppin Mktg. Consultants, Inc. v New York State Liq. Auth., 103 AD3d 648, 652 [internal quotation marks omitted]).
Here, contrary to the petitioner's contention, the respondent's determination, which, among other things, sustained the charges that the petitioner violated Rules of the State Liquor Authority (9 NYCRR) §§ 48.8 and 48.2, is supported by substantial evidence (see Matter of Platinum Pleasures v New York State Liq. Auth., 122 AD3d 411, 412; Matter of JA Rocks Inc. v New York State Liq. Auth., 43 AD3d 663, 663). With respect to the charge that the petitioner failed to comply with the conditions of its license (see 9 NYCRR 48.8), the ALJ, inter alia, questioned the credibility of the testimony of the petitioner's owner and president (hereinafter the owner), noting that the video evidence submitted of the events at issue contradicted the owner's testimony regarding those events. The charge that the petitioner failed to exercise adequate supervision over the conduct of the licensed premises (see id. § 48.2) also was properly sustained by the respondent. The owner admitted at the hearing that two of the security video cameras inside the premises, one of which was supposed to record the room in which the petitioner stored its liquor, had not been working, and that he had known of this, but did not have them repaired or reinstalled. There was also evidence at the hearing that at least one patron of the premises was seen inside the building on video surveillance but was not on a scanned list of people inside the premises. The owner did not contradict this evidence, nor did he provide an explanation for it.
Further, the penalty imposed by the respondent is not so disproportionate to the offenses as to be shocking to one's sense of fairness (see Matter of Sherwyn Toppin Mktg. Consultants, Inc. v New York State Liq. Auth., 103 AD3d at 652; Matter of Cantina El Bukis Corp. v New York State Liq. Auth., 46 AD3d 557, 558).
DUFFY, J.P., MALTESE, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court