Matter of Doran v Town of Babylon (2023 NY Slip Op 04380)

Matter of Doran v Town of Babylon

2023 NY Slip Op 04380

Decided on August 23, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 23, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2021-06278 DECISION, ORDER & JUDGMENT
 (Index No. 618966/20)

[*1]In the Matter of Terrance Doran, respondent,
v
Town of Babylon, appellant.

Rubin Paterniti Gonzalez Rizzo Kaufman, LLP, Garden City, NY (Maria Massucci of counsel), for appellant.
The Law Firm of Adam C. Weiss, PLLC, Glen Cove, NY, for Terrance Doran.

In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Babylon, which, in effect, adopted the findings and recommendation of a hearing officer dated July 20, 2020, made after a hearing, that the petitioner was guilty of certain charges of misconduct and terminated the petitioner's employment as a lifeguard, the Town of Babylon appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated July 22, 2021. The order and judgment, insofar as appealed from, denied the motion of the Town of Babylon, inter alia, pursuant to CPLR 3211(a) to dismiss the petition, and granted the petition to the extent of annulling the penalty imposed and remitting the matter to the Town of Babylon for the imposition of a less severe penalty.
ORDERED that the appeal is dismissed, and the order and judgment is vacated; and it is further,
ORDERED and ADJUDGED that the determination is confirmed, the petition is denied, the motion of the Town of Babylon, inter alia, pursuant to CPLR 3211(a) to dismiss the petition is granted, and the proceeding is dismissed on the merits; and it is further,
ORDERED that one bill of costs is awarded to the Town of Babylon.
The petitioner, Terrance Doran, began working as a lifeguard for the Town of Babylon in 1992, while still a teenager. In 2016, the petitioner's supervisor, Terry Manning, discovered him consuming alcohol while on duty at the home of another lifeguard. The petitioner received a six-day suspension without pay. In June 2020, Manning entered the lifeguards' locker room at Overlook Beach and observed the petitioner holding a can of beer while conversing with another lifeguard, Josh Carlock.
In July 2020, the Town commenced an administrative disciplinary proceeding against the petitioner, asserting, inter alia, that he had consumed alcohol on-duty in violation of certain rules and regulations. The parties thereafter appeared for an administrative hearing before the Town's designated hearing officer. Manning, appearing as the Town's sole witness, testified that the petitioner placed the can of beer in a nearby locker upon seeing Manning enter the locker room. [*2]According to a report Manning completed in relation to the incident, he spoke to Carlock afterwards, who, among other things, admitted that he was consuming alcohol at the time while inferring that the petitioner did also, albeit without directly stating as much. For his part, the petitioner, inter alia, conceded that he was holding a can of beer at the time that Manning entered the locker room, but testified that the can had not yet been opened, and that he was simply putting it in a freezer to drink after his shift. Carlock did not testify at the hearing. On July 20, 2020, the hearing officer issued a decision, finding that the petitioner was guilty of the misconduct charges and recommending termination of his employment. The Town thereafter, in effect, adopted the hearing officer's findings and recommendation.
In December 2020, the petitioner commenced this proceeding pursuant to CPLR article 78 challenging the Town's determination. In lieu of interposing an answer pursuant to CPLR 7804, the Town moved, inter alia, pursuant to CPLR 3211(a) to dismiss the petition. In an order and judgment dated July 22, 2021, the Supreme Court denied the Town's motion and granted the petition to the extent of remitting the matter to the respondent for the imposition of a penalty less severe than termination. The Town appeals.
Pursuant to CPLR 7804(g), when a petition filed in the Supreme Court seeks relief pursuant to CPLR article 78 and "raises a question of whether an administrative determination is supported by substantial evidence, the proceeding should be transferred from the Supreme Court to this Court to address that issue" (Matter of Sullivan v County of Rockland, 121 AD3d 700, 701). However, before directing the transfer, the Supreme Court "shall first dispose of such other objections as could terminate the proceeding, including but not limited to lack of jurisdiction, statute of limitations and res judicata, without reaching the substantial evidence issue" (CPLR 7804[g]; see Matter of Garvey v Sullivan, 129 AD3d 1078, 1081). Since the petition raised the issue of whether the Town's determination was supported by substantial evidence, and the parties did not raise, nor did the Supreme Court address, any objection that could have terminated the proceeding within the meaning of CPLR 7804(g), the Supreme Court should have transferred the proceeding to this Court without disposing of the substantial evidence issue (see Matter of Angels of the World, Inc. v New York State Liq. Auth., 210 AD3d 674, 675; Matter of Sullivan v County of Rockland, 121 AD3d at 701). Nonetheless, because the record is now before us, we will treat the matter as one which had been transferred here by the Supreme Court and review the administrative determination de novo.
"In an employee disciplinary case, judicial review of factual findings made after a hearing pursuant to Civil Service Law § 75 is limited to consideration of whether that determination was supported by substantial evidence" (Matter of Thomas v Town of Southeast, N.Y., 168 AD3d 955, 956-957). "Substantial evidence is related to the charge or controversy and involves a weighing of the quality and quantity of the proof; the term means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Matter of Sullivan v County of Rockland, 121 AD3d at 701 [internal quotation marks omitted]). Stated otherwise, "[s]ubstantial evidence is 'less than a preponderance of the evidence' and 'demands only that a given inference is reasonable and plausible, not necessarily the most probable'" (Matter of Phelps v State of N.Y.-Unified Ct. Sys., 208 AD3d 880, 881, quoting Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1045-1046). "When there is conflicting evidence or different inferences may be drawn, the duty of weighing the evidence and making the choice rests solely upon the administrative agency" (Matter of Kelly v County of Dutchess, 176 AD3d 1060, 1062 [alterations and internal quotation marks omitted]). In other words, "[w]here substantial evidence exists, the reviewing court may not substitute its judgment for that of the agency, even if the court would have decided the matter differently" (Matter of Phelps v State of N.Y.-Unified Ct. Sys., 208 AD3d at 881 [internal quotation marks omitted]).
Contrary to the petitioner's contention, the record before the hearing officer contained substantial evidence to sustain the findings of misconduct. There was evidence indicating, among other things, that the petitioner was holding a can of beer at the time Manning entered the locker room and that two empty cans of the same type of beer were discovered in the locker room shortly thereafter. Moreover, contrary to the petitioner's assertion, Carlock's hearsay statements to Manning were admissible (see Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d at 1046; Matter of [*3]Bracco's Clam & Oyster Bar, Inc. v New York State Liq. Auth., 156 AD3d 629, 630-631). Based on the record before him, it was not unreasonable for the hearing officer to infer that the petitioner was consuming alcohol on-duty at the time of the incident, nor was such a scenario rendered implausible (see Matter of Phelps v State of N.Y.-Unified Ct. Sys., 208 AD3d at 881).
"Judicial review of an administrative penalty is limited to whether the measure or mode of penalty or discipline imposed constitutes an abuse of discretion as a matter of law" (Matter of Tenemille v Town of Ramapo, 188 AD3d 704, 705 [internal quotation marks omitted]). "An administrative penalty must be upheld unless it is so disproportionate to the offense as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law" (Matter of Sullivan v County of Rockland, 192 AD3d 895, 897; see Matter of Bolt v New York City Dept. of Educ., 30 NY3d 1065, 1069-1072 [Rivera, J., concurring]). "An administrative penalty is shocking to one's sense of fairness if the sanction imposed is so grave in its impact on the individual subject to it that it is disproportionate to the misconduct, incompetence, failure, or turpitude of the individual, or to the harm or risk of harm to the agency or institution, or to the public generally visited or threatened by the dereliction of the individual" (Matter of Sullivan v County of Rockland, 192 AD3d at 897, citing Matter of Kelly v Safir, 96 NY2d 32, 38).
Contrary to the petitioner's contention, the penalty of termination of employment imposed upon a lifeguard found to have consumed alcohol while on duty did not shock one's sense of fairness, particularly considering that the June 2020 incident was not the first time that the petitioner was disciplined for engaging in such behavior (see Matter of Bernstein v Dept. of State, Div. of Licensing Servs., 96 AD3d 1183, 1186; Matter of Di Giovanni v Safir, 277 AD2d 36, 36; cf. Matter of Kimble v Yonkers Bd. of Educ., 214 AD3d 806, 807).
The petitioner's remaining contentions are without merit.
DILLON, J.P., GENOVESI, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court