Matter of McArthur v Town of Brookhaven Dept. of Hous. & Human Servs. (2024 NY Slip Op 05447)

Matter of McArthur v Town of Brookhaven Dept. of Hous. & Human Servs.

2024 NY Slip Op 05447

Decided on November 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
JOSEPH J. MALTESE
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2021-00505
 (Index No. 6013/19)

[*1]In the Matter of Linda McArthur, petitioner, 
v
Town of Brookhaven Department of Housing and Human Services, et al., respondents.

Nassau/Suffolk Law Services Committee, Inc., Islandia, NY (Paola M. Arango and Victoria Osk of counsel), for petitioner.
Rubin Paterniti Gonzalez Rizzo Kaufman, LLP, Garden City, NY (Maria Massucci of counsel), for respondents.

DECISION, ORDER & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the respondent Town of Brookhaven Department of Housing and Human Services dated July 30, 2019. The determination terminated the petitioner's benefits that she had received pursuant to the Section 8 Housing Choice Voucher Program (see 42 USC § 1437f[b][1]). Motion by the respondents pursuant to CPLR 3211(a) to dismiss the petition. Motion by the petitioner for leave to amend the petition.
ORDERED that the motion by the petitioner for leave to amend the petition is granted, and the motion by the respondents pursuant to CPLR 3211(a) to dismiss the petition is denied; and it is further,
ADJUDGED that the determination is confirmed, the amended petition is denied, and the proceeding is dismissed on the merits; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
In 2018, the petitioner, Linda McArthur, began receiving vouchers from the respondent Town of Brookhaven Department of Housing and Human Services (hereinafter the Town) for housing assistance pursuant to the Section 8 Housing Choice Voucher Program (hereinafter Section 8 benefits) (see 42 USC § 1437f[b][1]). In a letter dated February 14, 2019, the Town informed the petitioner that her Section 8 benefits would be terminated based on an incident involving the petitioner's allegedly abusive behavior toward the Town's employees on February 13, 2019. The letter specified that the termination of the petitioner's Section 8 benefits was a result of her violation of 24 CFR 982.552, which allows for the termination of Section 8 benefits where "the family has engaged in or threatened abusive or violent behavior toward [public housing authority] personnel" (id. § 982.552[c][viii]).
On February 20, 2019, the petitioner delivered a letter by hand to the Town requesting an informal hearing to review the determination to terminate her Section 8 benefits. The petitioner subsequently requested a reasonable accommodation and that the termination of her Section 8 [*2]benefits be rescinded. The request for a reasonable accommodation specified that the alleged disabilities that caused her behavior were "Bipolar Disorder and Depression, and at the time of the alleged incident, she was not in treatment."
After a hearing held pursuant to 24 CFR 982.555(a)(1)(iv), a hearing officer concluded that, although substantial evidence supported the Town's determination that the petitioner violated 24 CFR 982.552, a housing authority "could not exclude individuals from assistance or terminate assistance based on fear, speculation or stereotype in accordance with 24 CFR 100.202."
In a determination dated July 30, 2019, the Town did not adopt the decision and report of the hearing officer, reasoning that the hearing officer's decision was "contrary to federal, state, or local law or HUD regulations pursuant to 24 CFR 982.555(f)(2)." In a memorandum providing the reasoning for the Town's determination to terminate her Section 8 benefits, the Town reasoned, inter alia, that the petitioner failed to establish that she was disabled or that a reasonable accommodation would be necessary to accommodate her alleged disabilities.
The petitioner thereafter commenced this proceeding pursuant to CPLR article 78 on November 13, 2019, against the respondents. The petitioner alleged, among other things, that the Town's determination to terminate her Section 8 benefits and its failure to provide a reasonable accommodation were not supported by substantial evidence and that the penalty of termination of her Section 8 benefits was shocking to one's sense of fairness.
The respondents thereafter moved pursuant to CPLR 3211(a) to dismiss the petition, contending, inter alia, that the petition was improperly verified, the proceeding was not timely, the Supreme Court lacked subject matter jurisdiction over the petitioner's claims, and the petition failed to state a cause of action.
The petitioner thereafter moved for leave to amend the petition to include an attorney signature and to add the word "not" before the phrase "supported by substantial evidence" in paragraph 82 of the petition.
By order dated November 19, 2020, the Supreme Court transferred the proceeding and, in effect, the respondents' motion pursuant to CPLR 3211(a) to dismiss the petition and the petitioner's motion for leave to amend the petition to this Court pursuant to CPLR 7804(g), without deciding the merits of the petition or the parties' respective motions.
Initially, the Supreme Court erred in transferring the proceeding and, in effect, the respondents' motion pursuant to CPLR 3211(a) to dismiss the petition and the petitioner's motion for leave to amend the petition, to this Court prior to addressing the respondents' objections in point of law asserted in their motion, including lack of jurisdiction and expiration of the statute of limitations, and the petitioner's motion (see CPLR 7804[g]; Matter of Charles v Rockland County Sheriff, 157 AD3d 670, 671). Nevertheless, because the full record is now before this Court, we will decide the proceeding, the respondents' motion, and the petitioner's motion on the merits in the interest of judicial economy (see Matter of Charles v Rockland County Sheriff, 157 AD3d at 671; Matter of Piedimonte v Village of E. Rockaway, 140 AD3d 884, 885).
The petitioner is entitled to leave to amend the petition. "In the absence of prejudice or surprise resulting directly from the delay in seeking leave, applications to amend or supplement a pleading are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (Wells Fargo Bank, N.A. v Spatafore, 183 AD3d 853, 853 [internal quotation marks omitted]; see CPLR 3025[b]; Oppedisano v D'Agostino, 196 AD3d 497, 498). "The burden of demonstrating prejudice or surprise, or that a proposed amendment is palpably insufficient or patently devoid of merit, falls upon the party opposing the motion" (Wells Fargo Bank, N.A. v Spatafore, 183 AD3d at 853). Here, the respondents failed to meet their burden of demonstrating that prejudice or surprise would result from the proposed amendment or that the proposed amendment was palpably insufficient or patently devoid of merit (see Mackoff v Bluemke-Mackoff, 222 AD3d 67, 74; Nationstar Mtge., LLC v Jean-Baptiste, 178 AD3d 883, 886).
Further, any alleged defect in the petition's verification should be disregarded. "'Pursuant to CPLR 3022, when a pleading is required to be verified, the recipient of an unverified or defectively verified pleading may treat it as a nullity provided that the recipient with due diligence returns the [pleading] with notification of the reason(s) for deeming the verification defective'" (Gaffey v Shah, 131 AD3d 1006, 1006, quoting Lepkowski v State of New York, 1 NY3d 201, 210). Here, the respondents provided no evidence that they notified the petitioner of any alleged defect. Accordingly, the complained-of defect should be disregarded (see id. at 1006-1007).
"'[A] proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner'" (Matter of Boyd v Hilton, 213 AD3d 927, 928, quoting CPLR 217[1]). "'A determination is final and binding within the meaning of CPLR 217 when the decisionmaker arrives at a definitive position on the issue that inflicts an actual, concrete injury'" (id., quoting Matter of Town of Huntington v County of Suffolk, 195 AD3d 851, 852 [internal quotation marks omitted]). The statute of limitations does not begin to run until the petitioner receives notice of the determination (see Matter of Biondo v New York State Bd. of Parole, 60 NY2d 832, 834; Matter of Piech v Mount Pleasant Cemetery Assn., 202 AD3d 1089, 1091).
Here, contrary to the respondents' contention, the proceeding was timely. The petitioner is challenging the termination of her Section 8 benefits, which did not occur until July 30, 2019. The petitioner commenced this proceeding on November 13, 2019, less than four months after the Town's determination. Accordingly, the respondents failed to establish that the proceeding was untimely (see Matter of Fiondella v Town of E. Hampton Architectural Review Bd., 212 AD3d 811, 812; Matter of Civil Serv. Empls. Assn. Inc. v Diana, 48 AD3d 803, 804).
The respondents further contend that this Court does not have subject matter jurisdiction over any claims alleging a violation of the Fair Housing Act of 1968 (hereinafter the FHA), the Americans with Disabilities Act of 1990 (hereinafter the ADA), and the Rehabilitation Act of 1973 (hereinafter the RA), because CPLR article 78 proceedings are limited to questions expressly identified by statute. As relevant here, CPLR 7803(4) permits the following question to be raised in a proceeding pursuant to CPLR article 78: "whether a determination made as a result of a hearing held . . . is, on the entire record, supported by substantial evidence."
The Section 8 Housing Choice Voucher Program "requires compliance with all equal opportunity requirements imposed by contract or federal law," including the ADA, the FHA, and the RA (24 CFR 982.53[a]; see id. § 5.105[a]). A failure to provide a reasonable accommodation to a person with a disability is unlawful discrimination under the FHA (see 42 USC § 3604[f][3][B]), the ADA (see id. § 12182[b][2][A][ii]), and the RA (see 29 USC § 794[a], [d]). Accordingly, this Court has subject matter jurisdiction over the question of whether the Town's determination that the petitioner was not entitled to a reasonable accommodation in accordance with the FHA, the ADA, and the RA was supported by substantial evidence.
The respondents are correct, however, that they are entitled to denial of the amended petition because the Town's determination was supported by substantial evidence. "'Judicial review of an administrative determination made after a hearing required by law, and at which evidence was taken, is limited to whether that determination is supported by substantial evidence'" (Matter of 147-25 N. Assoc., LLC v New York City Off. of Trials & Hearings, 220 AD3d 684, 685, quoting Matter of Call-A-Head Portable Toilets, Inc. v New York State Dept. of Envtl. Conservation, 213 AD3d 842, 844; see CPLR 7803[4]). "Substantial evidence 'means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact'" (Matter of Call-A-Head Portable Toilets, Inc. v New York State Dept. of Envtl. Conservation, 213 AD3d at 844, quoting 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180; see Matter of Lau v NYC DOB, 209 AD3d 858, 859). While substantial evidence is "'[m]ore than seeming or imaginary, it is less than a preponderance of the evidence, overwhelming evidence or evidence beyond a reasonable doubt'" (Matter of Call-A-Head Portable Toilets, Inc. v New York State Dept. of Envtl. Conservation, 213 AD3d at 844-845, quoting 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d at 180-181 [internal quotation marks omitted]). "'The standard demands [*3]only that a given inference is reasonable and plausible, not necessarily the most probable'" (Matter of Sherwyn Toppin Mktg. Consultants, Inc. v New York State Liq. Auth., 103 AD3d 648, 652, quoting Matter of Ridge Rd. Fire Dist. v Schiano, 16 NY3d 494, 499). "Where substantial evidence exists, the reviewing court may not substitute its judgment for that of the agency, even if the court would have decided the matter differently" (Matter of Phelps v State of N.Y.—Unified Ct. Sys., 208 AD3d 880, 881 [internal quotation marks omitted]).
24 CFR 982.552(c)(1)(viii) empowers public housing authorities to terminate a recipient's Section 8 benefits if "the family has engaged in or threatened abusive or violent behavior toward [public housing authority] personnel." If that family includes a person with disabilities, "the [public housing authority] decision concerning such action is subject to consideration of reasonable accommodation in accordance with [24 CFR part 8]" (id. § 982.552[c][2][iv]). The Section 8 Housing Choice Voucher Program requires a public housing authority to make "reasonable accommodation to the known physical or mental limitations of an otherwise qualified applicant with handicaps . . . , unless the recipient can demonstrate that the accommodation would impose an undue hardship on the operation of its program" (id. § 8.11[a]).
A person may make out a prima facie case of discrimination based upon the failure to provide reasonable accommodations by establishing that he or she suffers from a disability or handicap as defined by the statutes, that the defendant knew or reasonably should have known of the plaintiff's disability or handicap, that accommodation of the disability or handicap may be necessary to afford the plaintiff an equal opportunity to use and enjoy the dwelling, and that the defendant refused to make such accommodation (see 42 USC §§ 12102[2]; 3602[h]; 29 USC § 794[a]).
In order to determine whether a reasonable accommodation for a disability may be necessary to afford the petitioner an equal opportunity to use and enjoy the dwelling, "courts look to whether 'there is a causal link between the disability for which the accommodation is requested and the misconduct that is the subject of the . . . challenged action'" (Sinisgallo v Town of Islip Hous. Auth., 865 F Supp 2d 307, 340 [ED NY], quoting Boston Hous. Auth. v Bridgewaters, 452 Mass 833, 848, 898 NE2d 848, 859-860; see Thomson v Odyssey House, 652 Fed Appx 44, 46 [2d Cir]). In other words, a petitioner must show that, but for his or her alleged disability, a reasonable accommodation would not be necessary (see Sinisgallo v Town of Islip Hous. Auth., 865 F Supp 2d at 339-340).
Contrary to the petitioner's contention, the record contains substantial evidence to support the Town's determination that the petitioner violated 24 CFR 982.552. There was evidence indicating, among other things, that the petitioner began shouting and cursing at the Town's employees after a discussion with the respondent Roseann Gallagher, the Rental Subsidy Coordinator of the Town, in which Gallagher informed the petitioner of certain requirements for adding family members to her Section 8 benefits. Witnesses testified at the hearing that they felt threatened by the petitioner's behavior. Based on the record, substantial evidence existed for the Town to conclude that the petitioner threatened abusive or violent behavior toward the Town's employees (see Matter of Doran v Town of Babylon, 219 AD3d 832, 835; Matter of Phelps v State of N.Y..—Unified Ct. Sys., 208 AD3d at 881).
Substantial evidence further supported the Town's determination that the petitioner was not entitled to a reasonable accommodation for her alleged disability because the record does not establish that a reasonable accommodation would be necessary to afford the petitioner an equal opportunity to use her Section 8 benefits (see Sinisgallo v Town of Islip Hous. Auth., 865 F Supp 2d at 339-340). Although the petitioner submitted evidence that she began attending therapy sessions after the Town terminated her Section 8 benefits, the petitioner failed to present any evidence that the treatment was intended to address her allegedly abusive behavior toward the Town's employees. To the contrary, despite having already attended multiple therapy sessions, the petitioner became agitated at the hearing when she believed that one of the witnesses was laughing at her. Based on the record, it was not unreasonable for the Town to conclude that the petitioner was not entitled to a reasonable accommodation (see Matter of Doran v Town of Babylon, 219 AD3d at 835; Matter of Phelps v State of N.Y.—Unified Ct. Sys., 208 AD3d at 881).
"'An administrative penalty must be upheld unless it is so disproportionate to the offense . . . as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law'" (Matter of Tinter v Board of Trustees of the Pound Ridge Lib. Dist., 203 AD3d 1163, 1164 [internal quotation marks omitted], quoting Matter of Kreisler v New York City Tr. Auth., 2 NY3d 775, 776; see Matter of Doran v Town of Babylon, 219 AD3d at 835; Matter of Tenemille v Town of Ramapo, 188 AD3d 704, 705). Contrary to the petitioner's contention, the penalty of termination of her Section 8 benefits after she was found to have acted threateningly toward the Town's employees without provocation did not shock one's sense of fairness (see Matter of Doran v Town of Babylon, 219 AD3d at 835), particularly considering that evidence in the record established that the petitioner had engaged in similar behavior while receiving Section 8 benefits in the Town of Islip. Moreover, contrary to the petitioner's contention, hearsay statements regarding her behavior in the Town of Islip were admissible (see 24 CFR 982.555[e][5]; Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1046; Matter of Doran v Town of Babylon, 219 AD3d at 835).
In light of the foregoing, the respondents' remaining contentions need not be reached.
LASALLE, P.J., MALTESE, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court