Matter of Cruz v New York City Off. of Admin. Trials & Hearings (2025 NY Slip Op 01217)

Matter of Cruz v New York City Off. of Admin. Trials & Hearings

2025 NY Slip Op 01217

Decided on March 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2023-02666 DECISION, ORDER & JUDGMENT
 (Index No. 515808/21)

[*1]In the Matter of Rosa Cruz, respondent, 
v
New York City Office of Administrative Trials and Hearings, et al., appellants.

Muriel Goode-Trufant, Corporation Counsel, New York, NY (Jane L. Gordon and Jonathan A. Popolow of counsel), for appellants.
Brooklyn Bar Association Volunteer Lawyers Project, Inc., Brooklyn, NY (Peter White of counsel), for respondent.

In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Office of Administrative Trials and Hearings dated March 17, 2021, which reversed the decision of a hearing officer dated October 5, 2020, made after a hearing, and reinstated charges for two violations of the Administrative Code of the City of New York and imposed civil penalties against the petitioner in the sum of $50,000, the New York City Office of Administrative Trials and Hearings and the New York City Department of Buildings appeal from a judgment of the Supreme Court, Kings County (Richard Velasquez, J.), dated January 25, 2023. The judgment granted the petition and annulled the civil penalties imposed against the petitioner.
ORDERED that the appeal is dismissed and the judgment is vacated; and it is further,
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed; and it is further,
ORDERED that one bill of costs is awarded to the New York City Office of Administrative Trials and Hearings and the New York City Department of Buildings.
On May 24, 2019, the New York City Department of Buildings (hereinafter the DOB) issued two summonses to the petitioner, the owner of a building that was designated as a two-family dwelling. Of relevance here, the second summons alleged that the petitioner violated sections 28-202.1 and 28-210.1 of the Administrative Code of the City of New York by, among other things, illegally maintaining the building as a four-family dwelling. After a hearing before the New York City Office of Administrative Trials and Hearings (hereinafter OATH), a hearing officer issued a decision on October 5, 2020, which found that the DOB failed to establish that the petitioner violated Administrative Code §§ 28-202.1 and 28-210.1 and dismissed the second summons. The DOB filed an administrative appeal of the October 5, 2020 decision. In a determination dated March 17, 2021, OATH reversed the decision dated October 5, 2020, and directed the petitioner to pay civil penalties of $5,000, plus $1,000 per day for 45 days, the maximum civil penalty allowed, since the petitioner failed to offer proof of correction until September 2020.
Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 78 to review OATH's determination dated March 17, 2021, on the grounds, inter alia, that the determination was arbitrary and capricious and not based upon substantial evidence in the record. The Supreme Court granted the petition and annulled the civil penalties imposed against the petitioner. OATH and the DOB appeal.
"Pursuant to CPLR 7804(g), when a petition filed in the Supreme Court seeks relief pursuant to CPLR article 78 and raises a question of whether an administrative determination is supported by substantial evidence, the proceeding should be transferred from the Supreme Court to this Court to address that issue" (Matter of Doran v Town of Babylon, 219 AD3d 832, 833 [internal quotation marks omitted]). Before transferring the matter, the Supreme Court "'shall first dispose of such other objections as could terminate the proceeding, including but not limited to lack of jurisdiction, statute of limitations and res judicata, without reaching the substantial evidence issue'" (id. at 834, quoting CPLR 7804[g]; see Matter of Garvey v Sullivan, 129 AD3d 1078, 1081).
Here, since the petition raised the issue of whether OATH's determination was supported by substantial evidence, and the parties did not raise, and the Supreme Court did not address, any objection that could have terminated the proceeding within the meaning of CPLR 7804(g), the court should have transferred the proceeding to this Court (see Matter Doran v Town of Babylon, 219 AD3d at 834; Matter of Angels of the World, Inc. v New York State Liq. Auth., 210 AD3d 674, 675; Matter of Sullivan v County of Rockland, 121 AD3d 700, 701). Nonetheless, because the record is now before us, we review the administrative determination de novo.
"'Judicial review of an administrative determination made after a hearing required by law, and at which evidence was taken, is limited to whether that determination is supported by substantial evidence'" (Matter of Ciganik v New York City Off. of Admin. Trials & Hearings, 224 AD3d 898, 899 [internal quotation marks omitted], quoting Matter of 147-25 N. Assoc., LLC v New York City Off. of Trials & Hearings, 220 AD3d 684, 685; see CPLR 7803[4]). "Substantial evidence is related to the charge or controversy and involves a weighing of the quality and quantity of the proof; the term means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Matter of Sullivan v County of Rockland, 121 AD3d at 701 [internal quotation marks omitted]). Stated otherwise, "[s]ubstantial evidence is 'less than a preponderance of the evidence' and 'demands only that a given inference is reasonable and plausible, not necessarily the most probable'" (Matter of Phelps v State of N.Y.—Unified Ct. Sys., 208 AD3d 880, 881, quoting Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1045-1046). "When there is conflicting evidence or different inferences may be drawn, the duty of weighing the evidence and making the choice rests solely upon the administrative agency" (Matter of Kelly v County of Dutchess, 176 AD3d 1060, 1062 [alterations and internal quotation marks omitted]). In other words, "[w]here substantial evidence exists, the reviewing court may not substitute its judgment for that of the agency, even if the court would have decided the matter differently" (Matter of Phelps v State of N.Y.—Unified Ct. Sys., 208 AD3d at 881 [internal quotation marks omitted]).
Here, the determination that the petitioner maintained the subject residence for occupancy by more than the legally authorized number of families was supported by substantial evidence, including records from the DOB and the Department of Housing Preservation and Development, the residence's inspection card, and photographs (see Matter of 345 W. 70th Tenants Corp. v New York City Envtl. Control Bd., 143 AD3d 654, 654; Matter of Konstas v Environmental Control Bd. of City of N.Y., 104 AD3d 689, 690). Indeed the testimony of an inspector at the hearing established that he observed that the attic and cellar apartments "had [their] own separate means: kitchen, bathroom, living quarters" and were not "in conjunction with the rest of the floors," making these two additional spaces "class A" apartments. Contrary to the petitioner's contentions, the DOB was not required to confirm that the gas or water lines in the cellar and attic were operable at the time of inspection to establish a violation of Administrative Code § 28-210.1 (see Matter of Carone v New York City Envtl. Control Bd., 139 AD3d 402, 402).
Similarly, OATH's determination directing the petitioner to pay a civil penalty of $1,000 per day for a period of 45 days was supported by substantial evidence. The petitioner offered [*2]no proof of correction until September 2020, more than 15 months after receiving the notice of violation (see 1 RCNY § 102-01[g][1]; Matter of 147-25 N. Assoc., LLC v New York City Off. of Trials & Hearings, 220 AD3d at 686). Moreover, the civil penalties imposed for maintaining the illegal conversion (see Administrative Code § 28-202.1), totaling $50,000, was not "'so disproportionate to the offense as to be shocking to one's sense of fairness'" (Matter of Konstas v Environmental Control Bd. of City of N.Y., 104 AD3d at 690 [internal quotation marks omitted], quoting Matter of Kelly v Safir, 96 NY2d 32, 38).
The petitioner's remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., CHAMBERS, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court