| |
|---|
| **Matter of Gift Shop & Flowers Inc. v New York City Sheriff's Off.** |
| 2025 NY Slip Op 31889(U) |
| May 25, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 530740/2024 |
| Judge: Patria Frias-Colon |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS                              Part 25
HON. PATRIA FRIAS-COLÓN, J.S.C.
--------------------------------------------------------------------------X
In the Matter of the Application of Gift Shop and
Flowers Inc.,

                                   PETITIONER,

For a judgment pursuant to Article 78 of the Civil
Practice Law and Rules,

                              -against-

The New York City Sheriff's Office, the New
York City Department of Finance, and the New
York City Office of Administrative Trials and
Hearings,

                                   RESPONDENTS.
--------------------------------------------------------------------------X

Index # 530740/2024
Cal. # 24   Mot. Seq. # 1

**DECISION/ORDER**

Recitation as per CPLR §§ 2219(a) and/or 3212(b) of papers considered on review of this motion:
NYSCEF Doc. #s 1-18; 21 by Petitioner
NYSCEF Doc. #s 22-37 by Respondents

Upon review of the foregoing papers in this CPLR Article 78 proceeding, and after considering oral argument on December 11, 2024, the Court addresses the Order to Show Cause ("OSC") by which Petitioner seeks a Temporary Restraining Order ("TRO") and a preliminary injunction. Petitioner requests that the Court stay enforcement of an administrative sealing Order and permit the reopening of Petitioner's business, Gift Shop and Flowers Inc., located at 1498 Sheepshead Bay Road, Brooklyn, pending a final decision on the petition. The Court signed the OSC on November 27, 2024, without granting the requested TRO.[1]

**BACKGROUND**

Petitioner commenced this Article 78 proceeding to challenge a sealing order issued by the New York City Sheriff following a determination by the Office of Administrative Trials and Hearings ("OATH") dated October 16, 2024.[2] The order resulted in the padlocking of Petitioner's business due to alleged violations of New York City Administrative Code ("AC") § 7-551, specifically illegal sales of cannabis.

The summons stemmed from a Sheriff's inspection of the business on July 24, 2024,[3] which resulted in the issuance of a sealing order under AC § 7-551(a), citing imminent threats to public health, safety, and welfare due to unlicensed processing of cannabis and cannabis products

---

[1] NYSCEF Doc. # 20.
[2] NYSCEF Doc. # 10.
[3] NYSCEF Doc. # 3.

[* 1]

not tested or labelled lawfully.[4]  Following the October 15, 2024 OATH hearing, the OATH Hearing Officer sustained the civil summons for unlicensed cannabis activity, the decision recommended lifting the sealing order on the grounds that the quantity and nature of cannabis items found were insufficient to justify continued closure.[5] This finding was based on the summons' affirmed statement, photographic and documentary evidence, and testimony from an employee present at the time of inspection.[6] Nevertheless, the Sheriff issued a final determination on October 21, 2024, rejecting the recommendation and ordering the business sealed for one year.[7]

Petitioner challenges the sealing order[8] and part of the OATH judgment sustaining the issuance of a civil summons[9]. Petitioner argues that the sealing order is invalid due to improper service, and both the sealing order and OATH determination are arbitrary and capricious,[10] not supported by substantial evidence,[11] and violate due process under the Fourteenth Amendment.[12] Respondents oppose, asserting the actions were lawful, rational, and procedurally adequate.[13]

## DISCUSSION

### Legal Framework

- **Administrative Code §§ 7-551 and 7-552 govern the City's enforcement authority regarding unlicensed cannabis activity.**
- **Cannabis Law §§ 138-b (2), (3), (6), and (7), outline the procedure and scope of sealing orders by the Sheriff and mandate proper service.**

Administrative Code §§ 7-551 and 7-552 empower the City to issue civil penalties and sealing orders in response to unlicensed cannabis activity. Cannabis Law § 138-b governs the issuance of sealing orders by the Sheriff and mandates specific procedural safeguards, including personal service, conspicuous posting, and mailing. A failure to comply with these procedural requirements invalidates the enforcement action.  See *Matter of KSLM-Columbus Apts., Inc. v. New York State Div. of Hous. & Community Renewal,* 5 N.Y.3d 303, 312 (2005) (failure to comply with procedural due process requirements invalidates administrative action).

Further, AC § 7-552(b)(2) provides that when both a civil summons and sealing order are issued, the respondent is entitled to a hearing before OATH within five business days, with a recommended decision to follow within four days. The Sheriff retains final decision-making authority but must act within the bounds of reasonableness.  See *Matter of Pell v. Board of Educ.,* 34 N.Y.2d 222, 231 (1974).

---

[4] *Id.*; NYSCEF Doc. # 10.
[5] *Id.*
[6] NYSCEF Doc. #s 7, 10 & 12.
[7] NYSCEF Doc. # 11.
[8] *Id.*
[9] NYSCEF Doc. # 10.
[10] NYSCEF Doc. # 1 at pp. 2-13.
[11] *Id.* at pp. 8-24.
[12] *Id.* at pp. 13-15.
[13] NYSCEF Doc. # 22 at pp. 10-19.

2

[* 2]

Where unlicensed cannabis activity is more than de minimis, and particularly where it presents an imminent threat to public health or safety, a sealing order may be upheld. Cannabis Law § 138-b(3). However, proper service under Cannabis Law § 138-b(2) is a jurisdictional prerequisite and must be strictly followed and must comply with procedural safeguards, including personal service, posting, and mailing under § 138-b(2). Factors contributing to an imminent threat include proximity to schools,[14] while de minimis unlicensed activity is evaluated based on signage, advertisements, product volume, and variety.[15] Where the City seeks to issue an immediate sealing order, the unlicensed activity must be more than de minimis.[16]

Individuals engaging in the unlicensed sale of cannabis in violation of NY Cannabis Law §125 are subject to a civil penalty under AC §7-551. OATH is responsible for adjudicating civil summonses under Chapter 6 of the Rules of the City of New York. *See* RCNY §§ 6-08 to 6-18. OATH decisions on civil summonses constitute judgments under AC § 7-551. *See* AC § 7-551(c). Under Cannabis Law § 138-b, the Sheriff's office holds authority to inspect businesses selling cannabis products and to seal businesses engaged in unlicensed activity. AC § 7-552(b)(2).

**Substantial Evidence and Transfer Under CPLR § 7804(g)**

A proceeding under CPLR Article 78 must be transferred to the Appellate Division[17] if it raises a question of whether a determination made after a hearing held pursuant to law is supported by substantial evidence. *See* CPLR §§ 7803(4), 7804(g); *Halperin v. City of New Rochelle*, 24 A.D.3d 768 (2d Dept. 2005). This petition raises such a question.[18] Because the petition challenges the sufficiency of that evidence under CPLR § 7803(4), and no threshold objections such as jurisdiction or limitations bar the claim, transfer is appropriate. See *Bott v. Inc. Vil. of Freeport*, 29 A.D.3d 592 (2d Dept. 2006); *Doran v. Town of Babylon*, 219 A.D.3d 832 (2d Dept. 2023).

A petition will not be transferred where the Supreme Court can "first dispose of such other objections as could terminate the proceeding, including but not limited to lack of jurisdiction, statute of limitations and res judicata, without reaching the substantial evidence issue." *Doran v. Town of Babylon*, 219 A.D.3d 832 (2d Dept. 2023).

However, claims seeking declaratory relief regarding the constitutionality of AC §§ 7-551 and 7-552 must be severed, as such claims are not reviewable under CPLR § 7804(g). *See MVM*

---

[14] NY Cannabis Law § 138-b(4)(e).

[15] NY Cannabis Law § 138-b(7).

[16] NY Cannabis Law § 138-b(6).

[17] CPLR § 7804(g) provides: Hearing and determination; transfer to appellate division. Where the substantial evidence issue specified in question four of section 7803 is not raised, the court in which the proceeding is commenced shall itself dispose of the issues in the proceeding. Where such an issue is raised, the court shall first dispose of such other objections as could terminate the proceeding, including but not limited to lack of jurisdiction, statute of limitations and res judicata, without reaching the substantial evidence issue. If the determination of the other objections does not terminate the proceeding, the court shall make an order directing that it be transferred for disposition to a term of the appellate division held within the judicial department embracing the county in which the proceeding was commenced. When the proceeding comes before it, whether by appeal or transfer, the appellate division shall dispose of all issues in the proceeding, or, if the papers are insufficient, it may remit the proceeding.

[18] NYSCEF Doc. # 1 at pp. 7-9, 19-24.

3

[* 3]

*Const., LLC v. Westchester County Solid Waste Com'n*, 112 A.D.3d 637 (2d Dept. 2013); *see also Applegate v. Heath*, 88 A.D.3d 699 (2d Dept. 2011).

Pursuant to the Administrative Code, the OATH Hearing Officer makes a determination regarding the summons after a hearing is held pursuant to law. *See* AC § 7-552(b)(2). Thus, the court must now determine whether evidence, taken and considered at said hearing, on the direction of law, was supported by substantial evidence.[19] *See* CPLR § 7803(4). The court recognizes that the Petitioner also contests the Sheriff's final determination, which is an issue that would be analyzed under the arbitrary and capricious standard because it is an administrative decision made without a hearing, but this is not an objection that could terminate the proceeding within the meaning of CPLR § 7804(g).

However, claims seeking declaratory relief regarding the constitutionality of AC §§ 7-551 and 7-552, pursuant to the Due Process Clause of the 14th Amendment, must be severed as such claims are not reviewable under CPLR § 7804(g). *See Coleman v. Town of Eastchester*, 70 A.D.3d 940 (2d Dept. 2010).

### DUE PROCESS ANALYSIS

Petitioner asserts the sealing order provisions in AC §§ 7-551 and 7-552 violate procedural due process under the Fourteenth Amendment.[20] Courts examine such claims under a three-part test articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976): (1) the private interest affected; (2) the risk of erroneous deprivation; and (3) the governmental interest and burden of additional procedures.

The Due Process Clause of the Fourteenth Amendment prohibits the government from depriving a person of life, liberty, or property without due process of law. *Schearer v. Fitzgerald*, 2177 A.D.3d 980 (2d Dept. 2023). Petitioner has a protected property interest in operating its business. *Santomero v. Town of Bedford*, 204 A.D.3d 925 (2d Dept. 2022). However, the Court finds the existing statutory framework, including prompt hearings at OATH, final review by the Sheriff, and judicial oversight via Article 78, provides meaningful procedural safeguards. See *Moon Rocket Inc. v. City of N.Y.*, 2025 U.S. Dist. LEXIS 52883, *at *12–13 (S.D.N.Y. Mar. 21, 2025).

Accordingly, Petitioner's due process challenge fails. The City's interest in regulating unlicensed cannabis sales and protecting public safety is substantial and outweighs any minimal risk of erroneous deprivation under the procedures in place.[21] The risk of erroneous deprivation through the applicable procedures is low and the government interest in closing unlicensed cannabis shops that pose an immediate risk to the public is substantial.[22] It is clear that the

---

[19] NYSCEF Doc. #s 1, 10 & 12.

[20] NYSCEF Doc. # 1 at pp. 2-3; 13-15.

[21] *See Spinelli v. City of New York*, 579 F.3d 160 (2d Cir. 2009) (where court found that private interest in operating a business is strong).

[22] *See Hodel v. Virginia Surface Min. & Reclamation Ass'n, Inc.*, 452 U.S. 264 (1981) ("Protection of the health hand safety of the public is a paramount governmental interest which justifies summary administrative action").

4

[* 4]

government has a substantial interest in regulating the sale of cannabis and protecting the public. *Moon Rocket Inc. v. City of NY*, 2025 U.S. Dist. LEXIS 52883 (SDNY Mar. 21, 2025, No. 24-CV-4519 [JPO]).

**CONCLUSION**

Petitioner's application for a preliminary injunction is denied. The branch of the petition asserting a declaratory judgment under the Due Process Clause of the Fourteenth Amendment is severed and retained by this Court. The remainder of the petition, raising substantial evidence questions under CPLR Article 78, is hereby transferred to the Appellate Division, Second Department, pursuant to CPLR § 7804(g).

Petitioner shall serve a copy of this Decision and Order with Notice of Entry upon the Clerk of the Kings County Supreme Court, who is directed to transfer the case file to the Appellate Division, Second Department.

This constitutes the Decision and Order of the Court.

Date:   May 25, 2025
        Brooklyn, New York

_____
Hon. Patria Frias-Colón, J.S.C.

5

[* 5]